## LYMAN A. SPALDING vs. FRANKLIN SPALDING.

Where the statement of facts in a complaint is adapted to a suit, either in the second or sixth class, under the 143d section of the code, it is the judgment asked for that determines to which it belongs.

Thus, where the facts set out in the complaint constituted a cause of action, either in trespass or replevin, under the old practice, and prayed for damages, and not for the possession or return of the property, *held*, that the complaint came under the second class; that it was not a suit to recover the *possession* of personal property, and the Plaintiff was not entitled to institute proceedings under the 182d and subsequent sections of the code to obtain the delivery of the property.

Within the meaning of the code, claims for injuries to personal property, and claims for its possession, are substantially different causes of action; and any amendment which shall have the effect to transfer the action from one of the classes enumerated in the 143d section to another, is prohibited by the 149th section.

The affidavit of the Plaintiff in such a case, claiming that the property taken, is exempt from seizure under execution, &c., must conform to the requirements of the 182 section of the code, and "*show*" "if the property has been seized under execution" "that is exempt from such seizure," by a detailed statement of facts.

38

The effect of the code is, to bring affidavits of this kind within the rules, which prescribe the mode in which facts must be stated in an affidavit of cause of action, rather than those applicable to affidavits heretofore used in replevin suits.

These affidavits, when defective in such statement, or in a similar defect, may be amended by a supplemental affidavit in opposing a motion, without a new motion for that purpose. (*See the several authorities on this point cited in the opinion.*)

*Buffalo, Sept.* 13, 1848.—SILL, Justice.—*Motion to set aside proceedings to obtain possession of personal property under the* 182*d section of the Code of Procedure.*

The facts set out in the complaint constitute a cause of action either in trespass or replevin, under the old practice, and prays for damages, and not for the possession or return of the property. The Plaintiff also made an affidavit which he claims complies with the 182d section of the code, and which shows, among other things, that the property in question was seized by the Defendant, who is sheriff of Niagara county, under an execution against the property of the Plaintiff, a copy of which was annexed. The affidavit states that the property (which consists of a span of horses, barouche, and several canal boats, and other articles,) is exempt from seizure on such execution; but no facts are stated bringing it within any statutory exemption. A notice was endorsed on the affidavit, directing a coroner of Niagara county to take the property, which was delivered to such coroner, and the property taken by him from the Defendant.

The Plaintiff now offers a further affidavit by way of amendment to the first. From this supplemental affidavit it appears that in April, 1842, the Plaintiff made application to be declared a bankrupt, and in September, in the same year, obtained a discharge as such. That the verdict in the cause in which the execution issued, was recovered prior to April, 1842, and was specified as one of his debts in the inventory of his liabilities presented with his petition in bankruptcy, and that the liability upon which the recovery was had, was provable under the bankrupt act; and was of a character to be barred by his discharge. It did not appear when the judgment was entered on the verdict, although the Defendant insisted, this might be inferred from the direction in the execution to levy on the real estate which the Plaintiff in this suit had on a day specified in October, 1842.

BOWMAN, *for Defendant.*—The complaint is not for the recovery of personal property; and this proceeding is not authorized, unless such a suit be commenced.

The affidavit does not show that the property is exempt from seizure on execution.

These objections cannot be obviated by amendment; and if the Plaintiff can amend at all, it must be upon a motion on his part.

If the affidavit were amended as proposed, still it does not show the property exempt.

WILLIAMS & TILLINGHAST, *for Plaintiff.*—The Plaintiff has a right to amend the complaint, so as to make it conform to section 181 of the code. The affidavit may also be amended on this motion. No motion on the part of the Plaintiff is necessary. The affidavits are sufficient, and show the property exempt. Swearing that it is exempt is a compliance with the statute; and the supplemental affidavit discloses facts, making it exempt, by the bankrupt law, from seizure under this execution.

SILL, Justice.—"The Plaintiff in any action to recover the *possession of personal property*, may, at the time of commencing the action, claim the immediate delivery of the property, as provided in this chapter." (Code, § 181.) The chapter then provides a proceeding which is a substitute for the action of replevin—pointing out the mode of "claiming an immediate delivery," &c. To entitle the party to institute it, he must commence an action to recover the possession of the property which is the subject of the controversy.

The 143d section of the code classifies actions, and declares which may and which may not be joined in one suit. Actions for injuries by force to property are put in the second class—and claims to recover the possession of personal property are put in the sixth class. These actions are what were formerly known by the respective names of trespass and replevin; and, for want of any other brief designation, I will apply these in the course of this examination.

· *Trespass de bonis asportatis* and *replevin*, under the present, as well as the former practice, are concurrent actions, the same state of facts sustaining the action in either form. So, in this case, the statement of facts in the complaint is adapted to suit, either in the second or sixth class; and it is the judgment asked for that determines to which it belongs.

Trying this complaint by this rule, puts it in the second class—it is not a suit to recover *possession* of personal property, and therefore the Plaintiff was not entitled to institute proceedings under the 182d and subsequent sections of the code to obtain the delivery of the property.

Then, can the complaint be so amended that the action shall be replevin instead of trespass? The exercise of the power of the court to allow amendments is always a matter of discretion. It is nevertheless the duty of the court to exercise this discretion liberally for the promotion of substantial justice. And I think this might be allowed, if there is

power in the court to permit it, and there were no other difficulties in the way of sustaining the proceeding.

The Revised Statutes provided that "The court in which any action shall be pending shall have power to amend any process, pleading or proceeding in such action, either in form or substance, for the further-ance of justice, on such terms as shall be just." (2 R. S., 424; sec. 1.)

Under this statute, amendments have been allowed, changing the form of the action from covenant to assumpsit—changing a count in assumpsit to debt, when there had been a misjoinder of counts—and the form of a writ in replevin from the cepit to the detinet. (*Alston* v. *The Mutual Insurance Company of Troy*, 1 Howard's Sp. T. R., 82; *Smith* v. *Frizzell*, 3d id. 148 ; *Garlock* v. *Bellinger*, 2d id. 43.)

Under the former practice, amendments might be made changing the *substance* of the action or defence. (*Jackson* v. *Peck*, 4 Cowen, 418.) The code, however, has somewhat restricted the power of allowing amend-ments. The three first sections of the chapter of the code relating to the subject, 145, 146 and 147, were designed to provide for variances discovered at the trial. (Report of Com'rs of the Code, 158.) The 148th section allowing amendments, of course, without application to the court, is simply an enactment of what has been a standing rule of the Supreme Court, ever since 1796, except the rules gave more time for the exercise of this privilege, than is allowed by the code ; and it is hardly necessary to say that no one will construe this section as allow-ing amendments, which the court is prohibited from allowing upon special application.

The 149th section, which is evidently designed to take the place of that above quoted from the Revised Statutes, is the one under which amendments are to be allowed upon application to the court other than at the time of trial ; and this section has prohibited an amend-ment which shall change substantially the cause of action or defence. Then will the proposed amendment change substantially the cause of action ; literally speaking, the wrong committed which entitles a Plaintiff to redress, is the cause of action. But the term is not used in this sense exclusively. In legal parlance, it refers also to the character of the action ; and heretofore *trespass de bonis asportatis* and *replevin* have been treated and regarded as different causes of action, although the same state of facts will sustain either. In the code, I think the term has been · used, in many instances, in the latter sense. Thus, in the 143d section, the legislature have classified "causes of action," and put trespass in one class, and replevin in another. It provides that "causes of action" united in one suit, must all belong to

one class. In enumerating different causes of action, they have made this distinction, and if it was not designed, the language used, it must be admitted, was most unfortunate and inappropriate. I am led to the conclusion, that, within the meaning of the code, claims for injuries to personal property, and claims for its possession are substantially different causes of action, and that any amendment which shall have the effect to transfer the action from one of the classes enumerated in the 143d section to another is prohibited by the 149th section.

The original affidavit does not conform to the requirements of section 182. Under the former practice the Plaintiff, or some one in his behalf, was required to make an affidavit "stating," among other things, that the property described in the writ had not been seized under any execution or attachment against the goods and chattels of such Plaintiff, liable to execution, and this provision was complied with by making the affidavit in the language of the statute. The code requires an affidavit " showing " if the property has been seized under execution, " that it is exempt from such seizure." The rule, that slight changes in phraseology, in the revision of a statute is not held to change its construction unless such intent appears from the revised act is undoubtedly sound and settled. On the other hand, we are not to presume that the Legislature from caprice or love of change, have adopted a new phraseology. But the code can hardly be called a revision of the practice. It is a substitution of a practice entirely new, and the evidence of a design to change not only parts, but the whole practice, is furnished in almost every section of this new law. The words " state " and " show " have a different legal signification. *Stating* a case to be within the purview of a statute is simply alleging that it is—while *showing* it to be so, consists of a disclosure of the facts, which bring it within the statute. On referring to Webster for the definitions of the word " show," (although I confess I do not consider lexicographers the safest authority in giving construction to statutes,) it will be found that among others, he gives the following, " to prove," " to manifest," " to prove by evidence." The effect of the code is, to bring affidavits of this kind within the rules, which prescribe the mode in which facts must be stated in an affidavit of cause of action, rather than those applicable to affidavits heretofore used in replevin suits.

It is insisted by the Defendant that this affidavit cannot be amended; and if permitted, it must be upon a motion by Defendant, of which notice shall be given. The former and present statues, so far as they relate to this point, are substantially the same. (2 R. S., 424; Code, sec. 149.) The late Supreme Court held, in *Berrien* v. *Westervelt*, 12 Wend., 194,

that an affidavit annexed to a writ of replevin, could not be amended. Later decisions, however, hold otherwise. (*Cutler* v. *Rathbone*, 1 Hill, 204; *Stacy* v. *Farnham*, 2 Howard's Prac. R. 26.) These latter cases are explained and somewhat qualified by *Millikin* v. *Selye*, 6 Hill, 623. Same case, 3 Denio, 54, but the authorities are in favor of the power to allow the amendment.

It has also been the practice of the late court to allow a party opposing a motion to amend the defects complained of without a new motion on his part, when the amendment proposed is proper in itself; and the court can see from its practice and the nature of the case, that no new facts can be presented that ought to defeat it. (See cases above cited, and *Hawley* v. *Bates*, 19 Wend. 632; *Whaling* v. *Shales*, 20 Wend. 673.) This is such a case, and the practice is calculated to save parties expense and trouble, and to expedite the proceedings in a cause.

But the supplementary affidavit does not aid the Plaintiff. It does not appear when the judgment upon which the execution issued was awarded or docketed. This circumstance was mentioned at a time when the Plaintiff might have supplied the defect, and from his omission to do so, I assume that the judgment was entered after the discharge in bankruptcy was obtained. Upon this state of facts, the discharge does not extinguish the judgment nor invalidate the execution. They remain in full force until the judgment is vacated or the execution set aside. (*Kellogg* v. *Schuyler*, 2 Denio, 73; *Graham* v. *Pierson*, 6 Hill, 247; *Crouch* v. *Gridley*, *id.* 250; *Thompson* v. *Hewitt*, *id.* 255.) Nor do I mean to be understood as intimating that the case would have been different if the judgment had been docketed prior to the filing of the Plaintiff's petition in bankruptcy; upon that point no opinion is given.

It was urged on the argument on one side that the 182 section of the code required the affidavit to show that the property was exempt from seizure on any execution. And on the other it was insisted that it was necessary only to show that it was protested against seizure under the execution upon which it was actually taken. The disposition made of the other points renders it unnecessary to decide this question.

There must be an order setting aside the notice to the coroner, endorsed on the Plaintiff's affidavit, and all proceedings under it, and under the affidavits; such order to be entered and the papers used on the motion to be filed by the Defendant in the office of the clerk of Niagara county.