## SUPREME COURT.

### OTIS C. SEYMOUR agt. CHARLES VAN CUREN and JOHN ADAMS.

Where a complaint alleges a cause of action, for wrongfully taking, carrying away and converting to the use of the defendants a horse; and demands relief for a judgment of $1,500 besides costs, the action is for *damages* and not *to recover specific property.*

Hence, a requisition to the sheriff to take and deliver the horse, and proceedings thereon are irregular.

An *order of arrest* of the defendant obtained in such action under subdivision 3 of section 179 of the Code cannot be upheld, because it can only be granted under that provision when the action is to recover the possession of personal property.

On motion to set aside such proceedings the complaint cannot be *amended,* where no basis is laid for it, if it would otherwise be proper.

*Monroe Special Term, July,* 1859.

MOTION by defendants to set aside proceedings for the claim and delivery of personal property, and an order for the arrest of the defendants, &c.

J. McCONVILLE *and* J. L. ANGLE, *for defendants.*
L. H. HOVEY, *for plaintiff.*

T. R. STRONG, Justice. The complaint in this action is for wrongfully taking, carrying away, and converting to the use of the defendants the horse in question; and the relief demanded is a judgment for fifteen hundred dollars besides costs. The nature of the action is determined by the complaint, and particularly by the relief demanded; it is an action for damages and not to recover specific property. Proceedings for a claim and delivery of the horse are wholly unwarranted in the action, as such proceedings are confined to actions to recover the possession of personal property; hence, the requisition to the sheriff to take and deliver the horse and the

Seymour agt. Van Curen.

proceedings thereon are irregular and must be set aside. (*Spalding* agt. *Spalding*, 3 *How. Pr.* 297.)

An order of arrest is allowable under subdivision 1 of section 179 of the Code, in an action "for wrongfully taking, detaining or converting property;" but the order in the present case was obtained under subdivision 3 of that section, which applies only to actions to recover the possession of personal property, and there is a material difference between an order under the latter and one under the former subdivision. When an arrest is made under subdivision 1, the defendant may be discharged from it on giving bail to the effect that he will at all times render himself amenable to the process of the court during the pendency of the action, and to such as may be issued to enforce the judgment therein ; but if the arrest is under the third subdivision, the defendant, to obtain his discharge, must give an undertaking with sureties, to the effect that they are bound in double the value of the property, as stated in the affidavit of the plaintiff, for the delivery thereof to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum as may for any cause be recovered against the defendant. The order in the latter case can only be upheld in the actions specified in that section, viz. : to recover the possession of personal property. It follows that the order of arrest must also be set aside.

It is said on the part of the plaintiff, that the complaint was prepared in its present form through inadvertence, but it must give character to the action, and no basis is laid for an amendment on this motion, if it would otherwise be proper.

The defendants are allowed $10 costs of motion.