GEORGE S. DIOSSY, Respondent, *v.* JAMES MORGAN et al., Appellants.

Where the defendant, in an action to recover possession of personal property, in which the plaintiff claims immediate delivery, after the sheriff has taken possession of the property, gives an undertaking pursuant to the Code, reciting the taking at the suit of the plaintiff, and that defendant is desirous of having it returned; and, upon the undertaking, obtains delivery and retains the property, he is estopped thereby from denying that he had possession of the property at the time of the commencement of the action. It is only upon the assumption that the property was taken from his possession, that he is entitled to demand its return; and, having obtained the delivery of the property to him upon that ground, he cannot escape responsibility by alleging that it was not taken from him or was not in his possession at the commencement of the action.

(Argued April 25, 1878; decided May 21, 1878.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover possession of a quantity of stone. Plaintiff claimed immediate delivery, and issued a requisition to the sheriff, who took possession of the property. Defendants gave the undertaking required by the Code, and the property was returned to them.

Further facts appear in the opinion.

*S. F. Kneeland*, for appellants. The complaint should have been dismissed, because there was no evidence that defendants ever became possessed of or detained the stone. (Hoffm. Prov. Rem., 106; Co. Litt., 145; Bac. Abr. Replevin A; Graham's Pr., 55, 726; *Roberts* v. *Randel*, 5 How., 327;

*Elwood* v. *Smith*, 9 id., 28; *Van Nest* v. *Conover*, 5 id., 148; *Chappel* v. *Skinner*, 6 id., 338; *Maxwell* v. *Harnam*, 7 id., 236; *Nash* v. *Fredericks*, 12 Abb., 147; *Bowman* v. *Eaton*, 24 Barb., 528; *King* v. *Orser*, 4 Duer, 531.) Plaintiff was obliged to show an actual taking. (2 Greenl. Ev., § 561; *Whitewell* v. *Wells*, 24 Pick., 25; *Scudder* v. *Worster*, 11 Cush., 573; *Dillingham* v. *Smith*, 30 Me., 370; *Winslow* v. *Leonard*, 23 Pa. St., 14; *Cummings* v. *McGill*, 2 Murphy [N. C.], 357; *Meyers* v. *Credle*, 63 N. C., 504; *Wallace* v. *Brown*, 17 Ark., 449.)

*Nathaniel C. Moak*, for respondent. The motion to dismiss the complaint was properly denied, because it appeared that defendants had taken possession of the stone. (*Latimer* v. *Wheeler*, 3 Abb. [Ct. App. Dec.], 42; 1 Keyes, 470; 30 Barb., 485; *Allen* v. *Crary*, 10 Wend., 349; *Fonda* v. *Van Horn*, 15 id., 631; 23 id., 372; *Reynolds* v. *Shuler*, 5 Cow., 323; *Wintringham* v. *La Foy*, 7 id., 736; *Boyce* v. *Brockway*, 31 N. Y., 490, 493; *Alvord* v. *Haynes*, 6 N. Y. W'kly Dig., 124; *Knapp* v. *Smith*, 27 N. Y., 277, 280.) Replevin would lie against the defendants, even though they had sold the stone to Wilson before this suit. (*Barnett* v. *Selling*, 5 N. Y. Weekly Dig., 190; *Nichols* v. *Michael*, 23 N. Y., 265; *Ross* v. *Cassidy*, 27 How. Pr., 417; 48 Barb., 539.) The court had power to allow a reduction of the amount allowed as damages for detention of the property. (*Collins* v. *Albany R. R. Co.*, 12 Barb., 493; *Clapp* v. *Hudson R. R. Co.*, 19 id., 464; *Whitehead* v. *Kennedy*, 5 N. Y. Weekly Dig., 56; *Mowrey* v. *Hudson R. R. Co.*, 47 Barb., 196; 48 N. Y., 655; *Potter* v. *Thompson*, 22 Barb., 87; *Dibbin* v. *Murphy*, 3 Sandf., 20; *McParlin* v. *Boynton*, 8 Hun, 449; *Black* v. *Foster*, 28 Barb., 387.)

RAPALLO, J. The title of the plaintiff to the stone in controversy was established on the trial and is not now disputed. The main point now urged by the appellants is that the defendants did not, at the time of the commencement of

this action, have possession of the stone or detain it from the plaintiff.

The stone was lying in an open lot, of which the plaintiff held a lease. The plaintiff alleges that about the 1st of April, 1876, the defendants, who were co-partners, sent their workmen to cut and carve this stone, and that these men took possession of it and worked it for the defendants. Evidence was given in support of these allegations. The agent of the plaintiff testified that while defendants' men were so at work, and before the commencement of this action, he went in plaintiff's behalf to the defendants and demanded that the men be taken away from the stone, and that they cease to interfere with plaintiff's possession, and that the defendant Morgan, in presence of the defendant Nichols, refused so to do, saying that he claimed the stone, had a title to and owned it, and would not take the men from there, nor deliver to or give plaintiff possession of it. Plaintiff's agent then threatened a suit for the property, and defendant Morgan referred him to defendants' lawyers, Nichols joining in the conversation, and saying that they would give plaintiff law enough about the stone.

Thereupon this action was brought on the 8th of April, 1876, and the sheriff took possession of the stone, the defendants' men being at the time at work upon it. On the 11th of April, 1876, the defendants gave an undertaking, pursuant to the Code, reciting the taking of the stone by the sheriff at plaintiff's suit, and that the defendants were desirous of having it returned to them, and in consideration of such return, undertaking to deliver it to the plaintiff, if such delivery should be adjudged, etc. Upon this undertaking the stone was delivered to and retained by the defendants.

By means of this undertaking the defendants not merely prevented the delivery of the property by the sheriff to the plaintiff, but procured the delivery of it to themselves. The undertaking contains a plain admission that it was taken by the sheriff from their possession, and consequently was in their possession at the time of the commencement of the

action, for it recites that they desire to have it returned to them, and that they give the undertaking for the purpose of procuring such return. It was only on the assumption that the property was taken from their possession that they were entitled to demand its return, and after having obtained the delivery of the property to themselves, on the ground that it was taken from them, it is too late to attempt to escape responsibility in this action by alleging that it was not taken from them, or was not in their possession when the action was commenced. If they desired to defend on the ground that they never had the property, and thus make the plaintiff pay the costs, their course was to let it alone and allow the sheriff to deliver it to the plaintiff; but by preventing this, and procuring its return to themselves, on the allegation that it was taken from them by the sheriff, they are estopped from changing their ground and denying that they ever had it.

Giving this effect to the undertaking is not subject to the objection urged, that a cause of action is thereby created which did not exist when the action was commenced. Our holding is that the undertaking contains the admission of a fact, of which the defendants have availed themselves to obtain possession of the property, and that, therefore, they cannot be permitted to retract it, so as to deprive the plaintiff of his right to a re-delivery of the property to him. This admission does not create the cause of action, but establishes conclusively that it existed at the commencement.

The question of the amendment of the complaint by increasing the amount of the value of the property is not before us in such form that we can review it. If the amendment was made by order after the rendition of the verdict, it was not the subject of an exception, and no exception appears in the return on file. If there was any irregularity in the verdict it should have been corrected on motion in the court below; no objection appears by the record to have been taken below in respect to this amendment.

The judgment must be affirmed.

All concur, except ANDREWS, J.. absent.

Judgment affirmed.