Daniels, J.
The action was brought to recover the possession of a large number of articles, a schedule of which was annexed to the affidavit of the plaintiff. The sheriff took possession of a part or all of the articles, and this defendant required a return of so much of the property as had been replevied by the sheriff; and to entitle himself to that return an undertaking was presented executed by himself and two sureties in the sum of $2,830:64. This was double the amount of the actual value of all the property as it was stated in the affidavit made by the plaintiff. And it was all in that respect which the defendant was obligated to do to entitle himself to the return of the property according to section 1698 of the Code of Civil Procedure. For by that section even if the whole of the property mentioned in the affidavit has not been replevied when the value of the different articles has not been stated, but a gross value placed upon them all, the entire value mentioned in the affidavit is to be deemed the value of the part replevied in the proceedings to procure a return thereof to the defendant. But this undertaking, without any evidence that such was the fact, recited that the plaintiff had caused a part only of the property to be replevied and that the defendant, executing or giving the undertaking, required a return to him of the part of the chattels so replevied. And because of this recital and the restriction of the liability of the parties executing the undertaking to the value of the chattels, so replevied, it was objected to as not in compliance with what the law had required for this purpose. And this objection seems to have been well taken, for as no separate value was given to either of the articles, the undertaking on behalf of the defendant both by sections 1698 and 1704, was required to be for double the value stated in the affidavit, of all the chattels. The former of these sections is clearly expressed to this effect and there is no ambiguity in the latter, for it has required by subd. 2 of sec. 1704, *499 that the undertaking shall be to the effect that the persons executing it, are bound in a specified sum, not less than twice the value of the chattel as stated in the affidavit of the plaintiff, for delivery thereof to the plaintiff, if that shall be adjudged, etc., and accordingly the undertaking should have been in the usual form for this amount. And that would impose no unlawful burden either upon the defendant, or his sureties, for they would in no event be liable for more than the value of the chattels replevied, the possession of which should be secured by means of the undertaking. That is the effect of this section. It provides first to entitle the defendant to a return that he shall serve upon the sheriff a notice that he requires a return of the chattels replevied, and to obtain that return where a separate valuation has not been placed on different articles, the undertaking in double the value mentioned in the plaintiff’s affidavit has been made indispensably necessary; but at the same time, the extent of the liability is limited to the value of the property obtained under it, and it is that of the chattels replevied.
But the additional statement in the undertaking that only a part of the chattels had been replevied, cud not qualify the liability of the persons executing it. For whatever the chattels might be that were replevied, and the return of which should be secured by means of the undertaking, the sureties will be liable only for then-value, in case the plaintiff succeeds in maintaining Ms-, right to the recovery of their possession, and they would be liable to no more than that if no statement had been-made in the undertaking asserting the fact to be that only a part of the chattels had been replevied. The law has not. been framed in such a manner as to impose on the sureties any larger measure of liability than this in any event. . It is for the value of the chattels replevied that they may be made liable, and for no liability beyond that. The case of Diossy v. Morgan (74 N. Y., 11)] which arose and was decided under the preceding Code, is not in conflict with this construction, for all that was held there was that the persons executing the undertaking were estopped from denying that the property had been replevied and was in the possession of the sheriff. What that property was, or its value, the sureties were not held by this case to be estopped from proving as a matter of fact on the trial of an action brought against them on their undertaking.
The recitals in the undertaking that only a part of the property had been replevied cannot, therefore, be held to prejudice the plaintiff, for whatever amount of the property was replevied by the sheriff the persons executing the undertaking would be liable to the plaintiff, if he succeeds *500 maintaining his action, and that is all that the sureties in the undertaking could be made liable for if it had been made out precisely in the form in which it should have been by these sections of the Code. The order from which the appeal has been taken should be affirmed, but as there was this defect in the undertaking, now considered not to be material, it should be without costs.
Davis, P. J., and Brady, J., concur.