Andrews, J.
As the aggregate value only was stated in the plaintiff’s affidavit, the undertaking must be in double the value so stated, which was $1,415.32. If the value of each article had been stated, the undertaking would have-been in double the value of the articles actually replevied only. If it be true, therefore, as claimed by defendant, that the-sheriff has actually replevied articles of the value of $300-only, and the value of each of those articles had been separately stated in the plaintiff’s affidavit, the undertaking to be given by the defendant would have been for $600 only and that undertaking, of course, would not have fully secured the plaintiff if, upon the trial, he proved that the defendant-had in his possession all the articles named in the affidavit of the alleged value of $1,415.32.
The position taken by plaintiff’s counsel leads to the-following result: The plaintiff, by stating the value of the articles named in his affidavit, in the aggregate, can obtain an undertaking for the delivery to him of all the articles-named, or the payment of their value, if he succeeds, no matter how small a portion the sheriff may actually take from the defendant; while, if the value of the articles is *155 stated separately, lie can obtain an undertaking for the-return of those articles only, which the sheriff takes, or for the payment of their value. If a plaintiff requires the sheriff to take one hundred packages of goods of the aggregate value of $100,000, and the sheriff finds and takes one package of the value of $1,000, the defendant, in order to obtain the return of that one package, must give an undertaking in $200,000 that he will deliver all the packages, or their value, if the plaintiff succeeds on the trial; while if the value of each package had been separately stated in plaintiff’s affidavit of $1,000, the defendant could have' secured the return of that one package by giving a bond im $1,000 only for the return of that one package. It certainly would be a novelty in judicial proceedings that a defendant should be required to give security for the payment of $100,000 as a consideration for the privilege of retaining-property of the value of $1,000. Section 1698 of the Code-declares that the aggregate value, if that only is stated, shall-be deemed the value of the part replevied for the purposes-of procuring a return thereof to the defendant., but I do not think that that section, and section 1704, should be so construed as to enable the plaintiff, by merely stating the aggregate instead of the separate value of the articles named,, to obtain an undertaking conditioned for the delivery to him of all such articles, no matter how small a portion thereof may have been actually taken by the sheriff; while if he had stated the value separately he could only have obtained an undertaking for the delivery to him of the part taken.
I can see no reason why the recital preliminary to the-undertaking should contain an admission contrary to the facts. The sheriff either has or has not replevied all the articles mentioned in plaintiff’s affidavit, and there can he-no difficulty in determining this fact. If he has taken all,, the undertaking should, of course, so recite; if he has taken a part only, the recital should be modified so as to conform to the fact; for it would be grossly unjust to the defendant". *156 ■to compel him to give a written admission that the sheriff -had taken all the articles if, in fact, he has taken but a small part of them.
I also think tnat the undertaking oi the defendant should •be for the return of the articles actually replevied only.
The provision of section 1704, that the defendant will pay the plaintiff any sum which the judgment awards against ' the defendant, should be retained, in the language used in the statute. What its effect will be, in case the plaintiff proves on the trial that the defendant has more of his (the plaintiff’s) property than the sheriff has taken, 1 do not attempt to decide. It would certainly be strange if the plaintiff, by stating the aggregate value of the articles named in his affidavit, could compel the defendant to give security for the payment of $1,415.32, as well as costs and disbursements, in order to retain possession of articles of the alleged worth of $300 only.
If the plaintiff desires to appeal, a stay will be granted, provided he will print the papers, accept short notice of ■argument, aud be ready to argue the appeal when reached, ■and will stipulate that, if defeated, he will pay so much of the sheriff’s fees and. charges as shall accrue pending the appeal.
The court accordingly denied the motion and approved the undertaking ; and an order to that effect was entered September 28, 1886.
From the order approving the undertaking the plaintiff appealed to the court at general term.
The supreme court at general term were of opinion that under the section of the Code above cited, the undertaking should not be restricted by referring to the fact that part only of the goods had been replevied, and were reclaimed ; and that defendant would be sufficiently protected on giving an unqualified undertaking on which the sureties could not *157 be held liable for more than the value of whatever he got: possession of by the undertaking.
But the further opinion was expressed that this qualification of the recital, although deemed irregular, did not. prejudice the plaintiff. (Reported in 42 Hun, 557.)
The order entered on this decision, however, was SO' expressed as to compel this part of the recital to be struck out. The language of the order was as follows : “ Ordered and adjudged, that said order so appealed from, on the written consent of the sureties be, and the same is hereby modified so that the word 1 part ’ as appears in conjunction with or reference to chattels as appears in said undertaking as filed by defendant with the sheriff of the County of New York in this action, be regarded as immaterial and stricken therefrom, and said order be so modified without costs.
“ In case such modification shall not be made then a new undertaking shall be given in the same form and amount,, excluding said word therefrom.”
Defendant then appealed to the court of appeals.
Richard M. Henry (Chas. Meyers, attorney), for defendant, appellant.—I. The undertaking given is in strict compliance with section 1704 of the Code. The difference between the plaintiff and the defendant is as regards the meaning of the word “ thereof ’ ’ in subdivision 2 of that section. The section provides in the beginning for a case where the defendant requires a return to him of the “chattel replevied.” Subdivision 2 of this section states that the amount of the undertaking, which is to be given, shall be “ not less than twice the value of the chattel as stated in the affidavit of the-plaintiff,” and then it states the obligation to be “ for the delivery thereof to the plaintiff.” Now, it seems to me almost absurd to claim, as is maintained by plaintiff, that the word “ thereof ” can by any possibility refer to anything-else but the “chattel replevied,” and which the defendant. *158 ■seeks under this section to have returned to him. ' No amount of argument that can be used, can speak more plainly than the language of the section itself.
II. If the contention of the plaintiff’s counsel is correct, then in a case.where the affidavit of the plaintiff specifies a number of chattels with the particular value of each, if the ■defendant should require, as he is authorized by section 1697 •of the Code to do, a return of certain of the “ chattels replevied,” he would be obliged to give a bond for the return, not only of the chattels which he should get from the sheriff, but for all the chattels mentioned in the affidavit of the plaintiff, even although the sheriff .should have delivered to plaintiff, in accordance with that section, those chattels of which the defendant had not demanded the return. If the word “thereof” in subdivision 2 means the chattels mentioned in the affidavit of the plaintiff, then such a construction would apply to the hypothetical case as well as to the case now before the court. The common-sense construction of section 1704 is that the defendant must give an undertaking for the delivery to the plaintiff of the chattels whose return he demands from the sheriff. In this case the defendant gave an undertaking in twice the value of all the chattels, as stated in the affidavit of the plaintiff, for the return to the plaintiff of the chattels replevied from him by the ¿sheriff.
III. The case of Diossy v. Morgan (74 N. Y. p. 11), •decides that the defendant is estopped by the recitals of his undertaking ; therefore, if the defendant should recite that the chattels mentioned in the affidavit of the plaintiff had been taken by the sheriff, and should bind himself to deliver the same to the plaintiff, he would be estopped on the trial from contending that he never had them in his possession.
IV. The order appealed from requires the defendant to recite a falsehood in the undertaking. Mr. Justice Andbews pithily says in his opinion at special term : “ I can see no reason why the recital preliminary to the undertaking *159 ■should contain an admission contrary to the facts, for it would be grossly unjust to the defendant to compel him to •give a written admission that' the sheriff had taken all the ■articles, if, in fact, he has taken but a small part of them.”
If the word “ part ” is stricken from the undertaking as .given, or a new undertaking given with the word “ part ” omitted, the undertaking would then recite that the plaintiff had caused the chattels particularly described in his affi- • •davit to be replevied by the sheriff ; this would be untrue.
Abram Kling, for plaintiff, respondent [after objecting that the order was not appealable.]—I. The . évidence before the judge was conclusive that the plaintiff had ■directed all the chattels to be replevied, and the court had no authority to assume that only part of the said •chattels had been seized, without any evidence upon which to act. The Code, section 1694, provides that the plaintiff may, when the summons is issued, or any time .after, . . . cause the chattel, to recover which the action is brought, to be replevied by the sheriff where it is found. For that purpose he must deliver to the sheriff ■an affidavit and a written undertaking . . . with a written requisition indorsed upon or annexed to the affidavit and subscribed by the attorney to the effect that the sheriff is required to replevy the chattels described therein. By ■section 1695 it is provided that the affidavit to be delivered to the sheriff, as provided in the last section, must particularly describe the chattel to be replevied and its actual value.
II. It will thus be seen by an examination of the affidavit of the plaintiff, and of the requisition to the sheriff ■endorsed thereon, that he was, pursuant to section 1694 of the Code, required to replevy the chattel described in the affidavit and not part thereof, as. mentioned in the defendant’s undertaking, so that the same is. not in accordance with ■the facts of the provisions, of the Code.
*160 III. By section 1697 of the Oode it is provided that where the affidavit describes two or more chattels to bereplevied, it may, at the election of the plaintiff, state the-aggregate value of all or separately the value of any chattel, or of any class of chattels, and the aggregate value of the remainder if any. Where it states separately the value-of one or more chattels, or classes of chattels, the defendant may require, as prescribed in the following provisions of this article, the return of any or all of the chattels, or classes-of chattels, the value of which is thus stated or of the portion thereof which has been replevied. By section 1698, it is further provided that the sheriff must replevy a smaller number or a small quantity, if the whole of the chattel or chattels described in the affidavit cannot be found. In that case if the aggregate value only is stated in the affidavit the value of the entire chattel or class of chattels as so-stated, is to be deemed the value of the part replevied, for the purposes of the proceedings to procure a return thereof to the defendant. By these last two sections of the Oode the defendant may, where the plaintiff elects to state separately the value of any chattel or class of chattels, obtain the-return of any or all of the chattels or classes of chattels, the-value of which is thus stated; but as the plaintiff elected tosíate the aggregate value of all the chattels replevied, the-defendant cannot obtain a return of part, but must seek a return of the whole of the chattels, and give an undertaking accordingly ; and by section 1698, where the aggregate-value only is stated, the value of the entire chattel or classes-of chattels is deemed the value of the part replevied for the-purpose of procuring a return, thus declaring what shall be, in such case, the amount of the defendant’s undertaking. Thus it will be observed that the only instance where the-defendant can obtain a return of part of the chattels replevied, is where the separate value of each chattel is stated, and' not otherwise ; and the court had no power to approve an undertaking declaring the sureties shall only be liable for *161 part of the chattels taken, where no separate value of a chattel or class of chattels is set forth in the plaintiff’s affidavit.
IV. That the Legislature intended that the defendant should furnish an undertaking for the return of all the chattels to the plaintiff in the event of retaking by the defendant, is clearly shown by the following provision : Section 1704, that if the defendant may require a return of the chattel, he must deliver to the sheriff “ An undertaking executed by at least two sureties to the effect that they are bound in a specified sum, not less than twice the value of the chattel as stated in the affidavit o.f the plaintiff, for a delivery thereof to the plaintiff if the same is adjudged, . . . and for payment to him of any sum which the judgment awards-against the defendant. By this provision of the Code, as-the separate value of the chattel was not stated in plaintiff’s affidavit, the undertaking should have been for a return of all said chattels, if the delivery thereof is adjudged; and this section has reference to the return to the plaintiff of all the chattels which the sheriff was directed to replevy,, as mentioned in section 1694 of the Code, and for which the action is brought, and not for the part assumed to have-been taken by the sheriff, and the undertaking must provide for the return of all the chattels to the plaintiff, for-which the action is brought; and if the same can not be returned, for the value thereof by the payment of any sum which the judgment may award as such value. The undertaking which the defendant has furnished is one for the return of the part taken by the sheriff—non constat, the sheriff, may have taken all the chattels mentioned in the affidavit, yet the court has assumed that part only has been taken, by the sheriff without proof to sanction such conclusion. That it was intended by the Code to give the plaintiff in a replevin action full security in the event of a return of the chattels being demanded by the defendant, is manifest by section 1704, which declares that the undertaking shall be: *162 in twice the sum of the chattels mentioned in the plaintiff’s affidavit, if delivery thereof is adjudged, and has reference to the chattels replevied and for which the action is brought, and not to the part alleged to have been taken by the sheriff. For it provides that if said chattels, for which action is brought, cannot be returned, the sureties agreed to pay the value of the same by stipulating for the payment of any sum which the judgment awards against the defendant; and does not limit the liability merely to the part of the property found by the sheriff.
V. That the views of the court at special term áre unsound, will be observed upon examination as to the judgment which may be recovered in the action. By section 1730 of the Code the final judgment in favor of the plaintiff must .award him possession of the chattel or the value thereof, to be paid by the defendant if possession is not delivered to the plaintiff. So if the plaintiff upon the trial proves that be is entitled to a return of all the chattels mentioned in his affidavit, for which the action is brought, and obtains a judgment for the return of said chattels or its value, the undertaking so furnished will be of no value or service to ■the plaintiff, as the sureties limit the liability to a part of said chattels, and not for the whole, and if the judgment .awards the plaintiff all said chattels, and he seeks to recover upon said undertaking, he must again litigate the question ;as to what part of said chattels were taken, notwithstanding he has a judgment for the return of all. Again, if, as the defendant claims, that part only of the chattels were replevied by the , sheriff, and the plaintiff claims they were all taken, how can the court at chambers, before issue joined, settle the question as to what part of said chattels the' sheriff took, so that the object of the undertaking as provided by the Code is to secure the return of all the chattels sought to be replevied, as mentioned in the affidavit.
VI. The court at special term, in his opinion,, says that he sees no reason why the recital in the undertaking should *163 be contrary to the fact, but it will be seen that the undertaking as furnished by the defendant recites that the plaintiff has caused part of the chattels to be replevied by the sheriff, pursuant to section 1694 of the Code; but upon examination of the affidavit and requisition, it appears that the plaintiff, pursuant to section 1694 of the Code, directed the sheriff to replevy all the chattels mentioned in the affidavit, and not part of them, so the recital is untrue,
VII. It is claimed by the defendant, that the recitals of the undertaking will stop him in this action from claiming that the chattel was not in the possession of the defendant; but the court of appeals in Diossy v. Morgan (74 N. Y. 11), said that it was only upon the assumption that the property was taken from him that he is entitled to its return, and if he obtains a delivery of the same upon that ground, he cannot escape the responsibility by saying it was not taken from him, and the Code does not provide that the sureties shall only be liable for such chattel as may have been taken by the sheriff, but on the contrary declares that the undertaking shall be conditioned for the return of the chattels mentioned in the plaintiff’s affidavit, if the same is adjudged, and for the payment of any sum which the judgment may award against the defendant. Under these circumstances the bond given by the defendant is clearly contrary to the provisions of the statute, and not the security required before the chattel shall be returned to the defendant.
The Court of Appeals, all the judges concurring, reversed the order of the general term and affirmed the order of the special term without further opinion.