Peckham, J.
Several grounds for this motion for a reargument are stated. Among them it is urged that the court overlooked the fact that defendant in his answer denied that he ever-had possession of the property mentioned in the plaintiffs’ complaint or in the affidavit accompanying the requisition, and that it also overlooked the fact that § 1704 of the Code gives a de *930 fendant a right to demand a return of the chattels replevied, whether they were mentioned in the affidavit accompanying the requisition or not.
Neither fact was overlooked The denial in the defendant’s answer is of a somewhat ambiguous nature, and whether it could - be fairly construed as raising a question as to the identity of the goods taken by the coroner with those described in the requisition, or only a question of title to the chattels, assuming those described in the requisition to have been taken by the coroner, is not clear. But this court assumed it to have been the former. One reason for regarding the proposed evidence as inadmissible was that the defendant by virtue of his bond had demanded and received a return of the property, and it being from that time in his possession and under his entire control, he could at once sell or otherwise dispose of the property and thus effectually prevent any further efforts at identification on the part of the plaintiffs.
The service of an answer containing such a denial several weeks .after the return of the property to defendant, would plainly have no effect so far as defendant’s opportunity to dispose of the property before its service was concerned. This seemed so apparent "that it was not thought important to notice that particular fact. It is true the same thing might be done by a defendant executing "the bond without any. such recital. In that event, however, the vigilance of the plaintiff would not have been set at rest. He would see that, as there was no admission, he must rely on his own ■efforts to prove the fact, and they would probably be at once and vigorously enlisted for that purpose.
The provisions of the Code, § 1704, were also not overlooked. The fact that the defendant has under that section the right to a return of the property taken by the sheriff on giving a bond, etc., •even though it be not the property described -in the requisition, was noticed and its effect appreciated by us. If the property taken be not the property mentioned and described in the requisition, then there is neither necessity nor propriety in reciting in the bond that it is such property. Where such recital is made it is evidence that the defendant intends to litigate only the question of title, and not the question of the identity of the goods. Under •such circumstances there is still greater reason why the plaintiff should rely on it, and why the defendant should be bound by it. He recovers the possession of the'property by reason of the bond, and he therein asserts that it is the same property mentioned in the requisition. There is nothing in the opinion criticised which shows that the only remedy of the defendant in this case was to •sue the sheriff or leave the property in his hands. The counsel has made a most earnest argument in his brief, founded upon the general merits of his claim. We are entirely unconvinced of the error of our decision and we do not share in the fear of the serious calamities that may follow our persistence in it. On the contrary, we think gross injustice may follow the adoption of the other rule, .•as we have attempted to point out.
Two cases have been cited in the brief of the learned counsel *931 which he claims are conclusive upon the question in controversy, and which were not cited on the argument, and upon them he specially bases his application for a reargument of this case. They are Carpenter v. Buller, 8 Mees. & W., 209, and Reed v. McCourt, 41 N. Y., 435.
The first was an action brought for a trespass alleged to have been committed upon a lot belonging to the plaintiff, and upon a trial before Coleridge, J., the defendant gave in evidence a deed made between the defendant and the plaintiff and one William Fanshawe, in which was claimed to be an admission by way of a recital that the land in question belonged to the defendant. The deed was admitted in evidence, but it was contended by plaintiff’s counsel that the recital, though so admissible, was not conclusive, and he proposed to show that the admission was under a misapprehension. The evidence as to the mistake was admitted, and a verdict was found for the plaintiff. The defendant obtained a rule to show cause why the verdict should not be set aside on the ground that the recital was conclusive against the plaintiff, and after argument upon that order the judgment of the court was delivered by Parke, B., and it was held that the admission was not conclusive, and that the judgment was correctly given for plaintiff. It was held to be not conclusive because the action in question was not founded on the deed, but was wholly collateral to it, and, therefore, the party ought to be permitted to dispute the facts so admitted. The case in the 41st M. Y. is of the same-nature, although an action of ejectment The recitals in both cases were, as stated in each, wholly collateral to the action then on trial. They had no relation to it whatever, directly or indirectly. It was nothing more than the case of an admission in a matter in no wise connected with the action in which it was desired to use it as conclusive evidence. Upon no basis of common sense could it be done.
But in the case at bar it is entirely different. While technically the action is not upon the undertaking, yet still the undertaking was executed on the part of the defendant pursuant to the Code and as one of the steps in the conduct of this very action, and it was by reason of its execution and delivery to the plaintiffs that the property which the coroner had taken was redelivered to the defendant. He thus in this action repossesses himself of the property in dispute because of this bond. It is not therefore wholly collateral to the action. It plays a most important part therein, and by reason of its execution the plaintiffs herein were prevented from themselves obtaining possession of the property. How can it be said that under such circumstances the instrument is wholly collateral to the action upon trial? So far from being wholly collateral, it is intimately connected with, and is a part of, the steps necessarily and properly taken in the conduct of the action itself. The learned counsel for the respondent admits that if the action had been brought directly upon the undertaking, the evidence in question would not have been admissible. It seems to us that it is not necessary that the action should be distinctly and technically upon the undertaking itself in order to rule out the evidence. *932 under tne very cases cited. The action must not only be separate and distinct from one upon the bond, but the bond itself must be wholly collateral to the action, and, as I have said, it cannot be contended that the undertaking in this action is wholly collateral to it, when it is a step in the action itself, taken by virtue of the law in regard to such cases, and when the defendant has acquired possession of the very property in dispute by reason of the bond.
The action of Diossy v. Morgan, 74 N. Y., 11, with the decision in which the counsel finds no fault, was no more brought upon the undertaking than is this action, and the undertaking is no more collateral in this action than was the undertaking in that of Diossy. If the counsel be right in his claim that this action is not only not brought upon the undertaking, but the undertaking is wholly collateral to it, then the Diossy case was 'in any event wrongly decided. But the estoppel in that case was based entirely upon the recital in that undertaking. The opinion of Judge Eapallo is plain upon that point, and upon that question the two ■cases cannot be distinguished.
The other cases cited by the counsel are of the same nature as "those already referred to.
The learned counsel says our decision holds that an unnecessary recital in a written instrument estops the party making it from denying its truth, not only in actions on the instrument, but in any case where the instrument may be invoked as evidence of the facts recited. Also that a party to an action discovering that Bis opponent, inadvertently and in the most general terms, has admitted in writing a question in issue, may fold his hands and rely upon the admission as estopping his opponent from proving the contrary, however erroneous the admission may be. The decision which we have made in this case can not be tortured into holding either of the two propositions advanced by the counsel.
The facts which we have spoken of so often as almost to be wearisome, are wholly ignored in these statements and the character of the action as related to the instrument containing the recitals is mistakenly described.
We see no reason for granting a reargument and the motion is •therefore denied, with ten dollars costs.
All concur.