AUSTIN v. WAUFUL et al.

(Supreme Court, General Term, Fourth Department. February, 1891.)

1. REPLEVIN—POSSESSION BY PLAINTIFF—ESTOPPEL TO DENY.
   In replevin for goods levied on under execution it appeared that plaintiff gave a receipt acknowledging that he had received the goods from the officer, and promising to deliver the same to him on demand, or, on default thereof, to pay the amount of the execution. Held, that plaintiff was estopped to deny that he had possession of the goods when the action was commenced.

2. APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.
   The court having held, on a motion for a nonsuit, that the action could not be maintained as the complaint then stood, plaintiff asked leave to amend, which was granted on terms, and in default of compliance therewith the complaint was ordered to be dismissed. Held that, though plaintiff excepted to the terms imposed, he accepted the other provisions of the order, and was bound thereby.

Appeal from circuit court, Jefferson county.

Replevin by Harlow S. Austin, against George W. Wauful, James Casler, and Sylvester Waterman, to recover the possession of certain personal property levied upon by the defendant Waterman as deputy-sheriff, under an execution issued upon a judgment in favor of the defendant Wauful against the plaintiff. The action was based on the ground that the property levied upon was exempt from levy and sale on execution. The proof given on the trial showed that the property was not taken from the possession of the plaintiff, but was in his possession when this action was commenced, and that he had given the sheriff a receipt therefor. Upon the trial, after these facts had appeared, the defendants moved for a nonsuit. The court intimated that the action could not be maintained. The plaintiff thereupon asked permission to amend his complaint, and to put the case over the term. This was granted, on condition that he pay $20 costs, the defendants' witness fees, and serve an amended

complaint within 30 days, and that in default thereof judgment should be entered dismissing the complaint with costs. The plaintiff failed to amend his complaint or pay the costs within the time allowed, and judgment was thereupon entered dismissing the complaint with costs. From the judgment so entered plaintiff appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*James A. Ward,* for appellant. *E. C. Emerson,* for respondents.

MARTIN, J. That this was an action of replevin there can be no doubt. The complaint was in replevin, and on the trial the plaintiff in effect admitted that such was the action. A party cannot so frame his complaint that, if he fails to recover possession of the property, he can recover damages for its conversion. *Seymour* v. *Van Curen,* 18 How. Pr. 94. The object of the action of replevin is the recovery of specific personal property. It belongs to the same general class of cases as trespass and trover, but is a possessory action, and unlike either. "In order to maintain replevin the plaintiff must show a right to have delivery of the property at the time of the commencement of the suit. The proceeding is partly *in rem,* and unlike trespass or trover, which seeks damages only." *Wood* v. *Orser,* 25 N. Y. 351. If the property sought to be recovered by the plaintiff in this action was in his possession when it was commenced, it is difficult to perceive any ground upon which he could maintain an action to obtain that which he already possessed. In *Barnett* v. *Selling,* 70 N. Y. 496, ALLEN, J., said: "If the tobacco had, by any means, come to the possession of the plaintiff, the action of replevin would not lie, although trespass or trover might, for the original tortious taking or detention. Whenever the plaintiff admits the possession of property there can be no occasion for an action to recover the possession." That the plaintiff had the actual possession of the property in question when this action was commenced is clearly manifest. It was upon the ground that he had such possession that the court, in effect, held that, under the pleadings and evidence as they stood at the close of the trial, the complaint should be dismissed. On the trial the plaintiff proved that one of the defendants, who was a deputy-sheriff, levied upon the property in question by virtue of an execution against the plaintiff; that the plaintiff claimed that the property levied upon was exempt from levy and sale under an execution; and also proved facts showing that it was exempt. But it was also shown that after such levy was made the plaintiff executed and delivered to the deputy-sheriff who made such levy a receipt, whereby he acknowledged that he had received of such sheriff the property in question, and for value received promised to deliver the same to him when he should demand it, at Pinckney, or, in default, pay the amount of the execution, with the fees and interest thereon. The plaintiff also testified that the property in question remained in his possession. The receipt given by the plaintiff estopped him from denying that he had the possession of the property at the commencement of the action. *Dezell* v. *Odell,* 3 Hill, 215; *Diossy* v. *Morgan,* 74 N. Y. 11. The case of *Clark* v. *Weaver,* 17 Hun, 481, in no way aids the plaintiff. In that case the plaintiff gave a receipt upon the assurance that it would not prejudice his rights, and that no advantage would be taken if the property was present when wanted for sale. The sheriff afterwards came to sell it, and was informed by the plaintiff where it was. The sheriff then returned the receipt to the plaintiff, and commenced selling the property, when an action was brought to recover the possession of it. It was held that the plaintiff was not estopped from claiming title to the property. In that case the officer had resumed possession, and commenced a sale of the property. Nothing of the kind is shown in the case at bar. When this action was commenced the plaintiff was in the possession of the property, and the receipt was in full force. We think the court properly held that the plaintiff could not recover in this action upon the complaint and proof herein.

There is another ground that appears to be fatal to the plaintiff's success on this appeal. After the evidence was closed a motion for a nonsuit was made, and the court in effect held that the plaintiff could not recover as the complaint then stood. The plaintiff then asked to be permitted to amend his complaint, and that the case be allowed to go over the term. In pursuance of this application the court made an order giving the plaintiff 30 days within which to make and serve an amended complaint changing the cause of action as he might be advised, on paying the defendant $20 costs and witness fees, and, in default of such payment, and service of an amended complaint, the complaint in the action to be dismissed with costs. While the plaintiff excepted to the ruling of the court granting a nonsuit, he availed himself of the order permitting him to amend his complaint and postponing the trial, at least so far that the trial was postponed, although he did not serve an amended complaint, nor pay the costs imposed as a condition of the amendment. In *Weichsel* v. *Spear*, 47 N. Y. Super. Ct. 223, the court on the trial directed the complaint to be dismissed, unless the plaintiff amended his complaint, and gave him leave to amend in four days on the payment of costs. The leave to amend was given on the request of the plaintiff, but he claimed that it was erroneous to grant the leave on the condition that he should pay costs. On appeal from a judgment entered on plaintiff's default to amend and pay costs the court said that, as the costs were to be paid in four days, and the plaintiff took that delay, he had some advantage from the leave to amend, and was bound by the order made. He might have refused to take the order. Instead of an absolute dismissal, the dismissal was, at his own request, made conditional upon plaintiff's not amending; and the only relief he was entitled to was to amend, and then proceed with the action. This case was affirmed by the court of appeals. 90 N. Y. 651. The doctrine of the case cited was followed by this court in *Driscoll* v. *Downer*, 9 N. Y. Supp. 129, which was affirmed by the court of appeals, February 3, 1891. 26 N. E. Rep. 757. In the case at bar, the plaintiff at the close of the trial, instead of standing upon his exceptions to the rulings of the court, and permitting it to dismiss the complaint, and then relying upon the questions of law in the case, asked leave to amend his complaint, and that the trial should be postponed. The court allowed him to amend, and postponed the trial at his request. As a condition to such amendment and postponement the court required the plaintiff to pay $20 costs and witness fees, and directed that, in default of an amendment and payment of costs, his complaint should be dismissed. While the defendant excepted to the conditions imposed upon granting the order, he did not refuse to accept the order which postponed the trial and gave him the right to amend. The effect of this procedure was, we think, to effect an abandonment of the proceedings had on the trial, and leave the order as though it had been made before any trial had been had, and hence that the only relief the plaintiff was entitled to was to amend his complaint, and then to proceed to trial. We think the judgment should be affirmed. Judgment affirmed, with costs.

HARDIN, P. J., concurs. MERWIN, J., concurred on the last ground stated.