GARDNER H. WHEELER, as Receiver, etc., of ALFRED E. CRANE, Appellant, *v.* JEWELL VANDERVEER, Respondent.

*Replevin — right to possession essential — presumption of ownership from possession.*

The action of replevin is a possessory action partly *in rem*, and in order to maintain it the plaintiff must show that he was entitled to the possession of the property at the time of the commencement of the action. The possession of personal property is presumptive evidence of ownership.

APPEAL by the plaintiff, Gardner H. Wheeler, as receiver, etc., of Alfred E. Crane, from a judgment of the Onondaga County Court in favor of the defendant, entered in the clerk's office of said county on the 9th day of April, 1895, affirming a judgment of nonsuit rendered by the Municipal Court of the city of Syracuse, with notice of an intention to bring up for review upon such appeal an order of said Onondaga County Court for judgment affirming the judgment of the Municipal Court of the city of Syracuse.

*H. E. Miller,* for the appellant.

*Giles B. Everson,* for the respondent.

MARTIN, J. :

Upon the trial the plaintiff was nonsuited. The grounds upon which the plaintiff now seeks to reverse the judgment herein are twofold : 1. That the court erred in rejecting evidence offered by him as to the price paid for the property in question ; and, 2. That the court erred in granting the defendant's motion for a nonsuit.

As evidence of the price paid for the property could have been material only upon the question of damages, the rulings of the court in rejecting it, if erroneous, were harmless, if the defendant's motion for a nonsuit was properly granted. If the nonsuit was improperly granted, the judgment must be reversed for that reason, and, consequently, it is unnecessary to discuss or determine the question of the propriety of the rulings of the trial court in rejecting that evidence.

The action was replevin, and was to recover certain personal property which it is claimed belonged to Alfred E. Crane and to which the plaintiff claimed to have acquired title as receiver appointed in proceedings supplementary to execution, under a judgment recovered against the judgment debtor, Alfred E. Crane. That the plaintiff was duly appointed as such receiver there is no doubt. That the judgment debtor was once the owner of the property in question is equally clear. But that he was such owner at the time when the proceedings supplementary to execution were commenced was not proved.

The most that can be said of the plaintiff's proof is that it tended

to show that at least six months before the proceedings, which resulted in his appointment, were instituted, the judgment debtor was the owner of at least a portion of the property in question. On the other hand, the evidence drawn out on the cross-examination of the plaintiff's witnesses tended to show that, at the time such proceedings were instituted, and when the plaintiff was appointed receiver, the judgment debtor did not have the title to, the possession of, or the right to the possession of such property. A careful reading of all the evidence given upon the trial has led us to the conclusion that it was insufficient to sustain the plaintiff's cause of action, and that the trial court was justified in nonsuiting him.

The purpose of the action of replevin is the recovery of specific personal property. While the action is of the same general class as trespass and trover, it is a possessory action, is partly *in rem*, and is unlike either. To maintain the action, the plaintiff must show that he is entitled to the possession of the property at the commencement of the action. (*Austin* v. *Wauful*, 13 N. Y. Supp. 184; *Wood* v. *Orser*, 25 N. Y. 348; *Redman* v. *Hendricks*, 3 N. Y. Super. Ct. [1 Sandf.] 32; *Duncan* v. *Brennan*, 83 N. Y. 487; *Thompson* v. *St. Nicholas Nat. Bank*, 113 id. 325, 333.) This the plaintiff in this action failed to do. It is obvious that the defendant had possession of the property when this action was commenced. This was presumptive evidence of his ownership. (*Wickes* v. *The Adirondack Co.*, 2 Hun, 112; *Fish* v. *Skut*, 21 Barb. 333; 1 Greenl. on Ev. § 34, and cases cited in note.) This presumption was not overcome by the plaintiff's evidence. Moreover, the proof tended to show that the defendant's title had been transferred long before the judgment creditor had obtained his judgment.

The judgment of the County Court should be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment of the County Court affirmed, with costs.