Barbour, Ch. J.
This was an action, as in replevin, “for the recovery of two hundred dozen shirts and “drawers, or thereabouts, and forty dozen jackets, more “or less,” alleged in the complaint to be owned by the ■plaintiff, and wrongfully detained from him by the defendant, to plaintiff’s damage $3,000. The answer contained a full denial.
Upon the trial it appeared that, some time prior to the bringing of the suit, J. P. Browner & Co. obtained from the plaintiff, by means of false and fraudulent representations, sundry articles of “hosiery and underwear,” amounting to $2,907.17, and that, subsequently, Browner *86 & Co. made an assignment of their property to the defendant for the benefit of their creditors. For the purpose of proving that the property so assigned included the goods described in the complaint, the plaintiff was permitted to read in evidence an undertaking which had been made and signed by the defendant, under the 211th section of the Code, in order to obtain from the sheriff a ró-delivery of the property to himself, and also an affidavit, made by the plaintiff, which was referred to in the said undertaking.
The undertaking in question recited that, “ whereas “the plaintiff in this action has claimed the delivery to “him of certain personal property specified in the affi- “ davit made on behalf of the plaintiff for that purpose, “of the alleged value of three thousand dollars, and “has caused the same to be taken by the sheriff of the-“city and county of New York, pursuant to the 2d ‘ ‘ chapter, etc., but the same has not yet been delivered “to the plaintiff, and whereas the defendant is desirous 1 ‘ of having the said personal property returned to him,” etc. ; and the affidavit stated that “the plaintiff is the “owner of the following personal property claimed in “this action ; that is to say, two hundred dozen shirts “and drawers, or thereabouts, forty dozen jackets, more “ or less ; that the said property is wrongfully detained ‘ ‘ from the plaintiff by Milo Belding, the defendant, ” etc. The plaintiff also read in evidence the schedule accompanying the assignment of Browner & Co. to the defendant, by which it appeared that forty-four and a half dozen of shirts and drawers, and eleven dozen and three-bundles of jackets, all of the value of $1,126, were covered by that assignment.
One of the defendant’s assignors also testified that his firm purchased a lot of goods from the plaintiff, amounting to about $3,000; that more than two-thirds of those goods, in amount, had been disposed of by them prior to the assignment, and that only about $800 worth were *87 transferred to the defendant, either when the assignment was made, or at any time. Further evidence was also offered "by the defendant tending to prove what portion of the goods purchased "by Browner & Co. from the plaintiff remained in their hands unsold at the time of the assignment, and also offered evidence to prove precisely what goods were taken from the defendant "by the sheriff in this case, "both of which offers were objected to by the plaintiff upon the ground that such evidence would contradict the recital in the defendant’s undertaking ; and those objections were sustained by the court, the defendant excepting thereto. The counsel for the defendant requested the court to charge the jury that the plaintiff was not entitled to recover for any goods except such as were sold by him to Browner & Co., and which were in the defendant’s possession or control at the time of the commencement of this action, and also that, in assessing the damages, the jury could only give the value of the portion of the goods bought by Browner & Co. from the plaintiff which was taken by the sheriff, which requests were refused ; and the court then charged the jury that the defendant was bound by the recitals in his undertaking, and, therefore, was not at liberty to question the quantity of goods that were taken by the sheriff, nor in a position to say that all the goods were not retaken ; and the defendant excepted to such charge and refusals. The jury rendered a verdict for the plaintiff" for $3,361.94, being the amount of the purchase made by Browner & Co. from the plaintiff, with the interest thereon from the date of the sale.
The uncontradicted evidence given upon the trial was sufficient to establish the fact that not much, if any, more than one-third of the goods originally obtained from the plaintiffs by Browner & Co., by means of the fraudulent representations charged in the complaint, ever came to the hands of the defendants ; and yet, notwithstanding that fact, thus proven, the plaintiff has *88 been permitted, to recover a judgment, upon what is, at best, but a mere technical question in the rules of evidence, some three times greater than he would have been entitled to, either in law or equity, except for such technicality.
It is claimed on the part of the plaintiff that the recital contained in the defendant’s undertaking, is, in effect, an admission or averment by the latter that the goods described in the plaintiff’s affidavit, had been in the hands of the defendant and were taken' from his possession by the sheriff, and that the defendant is, in law, estopped by such admission or averment to prove or claim that any part or portion of those goods had not been in his hands nor taken from him.
ISTeither the affidavit nor the undertaking was intended to be used before the court upon the trial, nor did they in any manner affect or concern the issues or the questions involved in the controversy before the court.
The Code empowers the plaintiff in an action of claim and delivery, to make and execute a certain affidavit and undertaking, and thereupon to issue his own precept, requiring the sheriff to take the property described in the affidavit from the possession of the defendant, if found there, and, in like manner, the defendant is authorized, upon making such an undertaking as is particularly described in the -statute, to require the sheriff to return to him the property so taken; thus substituting his own personal responsibility, with that of his sureties, for the property itself. The intervention of the court is not required in either case, nor, even, is it necessary to file the papers, but it is merely a proceeding of the parties themselves under the statute, affects only the actual possession of the property, and, as has already been said, in no way concerns the issues or the litigations before the court, except in so far as concerns the form of the verdict in *89 case of a recovery by the plaintiff. The defendant, therefore, was no more estopped by the recitals in his undertaking to prove or claim upon the trial that the property, or any portion thereof which was taken from and returned to him by tlie sheriff, was not the same property that was described in the complaint as the subject-matter of the action, than he would have been by a like statement or admission in any affidavit or paper made or used in any other litigation or proceeding dehors this action.
Besides, it is to be considered that it was the intention of the legislature to give to all defendants in actions of replevin the right to compel the return of all property taken from them by the sheriff on a requisition of the plaintiff, and that the 211th section, which confers that right,- requires the undertaking to contain just such a recital in all cases as was inserted in that paper in the case before us. .To hold, therefore, that such a recital is not merely a statement or admission of a fact for the purposes for which the undertaking is executed, but a complete estoppel in the law which debars a defendant from proving or claiming upon the trial that the property taken by the sheriff, or any part of it, is not the same property that is described in the complaint, or that the property taken by the sheriff is the whole of the property sued for, would be to defeat the main object and intention of the legislature. For, a defendant thus situated could not execute the necessary undertaking without destroying his claim of title, and that, too, by availing himself of the only means given to him by the statute for the recovery of his property.
Again: the statement in the affidavit touching the property alleged to be in the possession of the defendant, is quite too indefinite and uncertain to make the recital in the defendant’s undertaking, referring thereto, competent evidence even of an admission or statement by the defendant that the whole or any considerable *90 portion of the property covered by the complaint had ever been in his possession. For the only description of property which the affidavit contains is in these words: “two hundred dozen shirts and drawers, or thereabouts, forty dozen jackets, more or less.” The plaintiff may well have supposed, from the fact that Browner & Co. were merchants, and purchased the goods to sell again, that some of them had been disposed of prior to the making of the affidavit, and therefore described the property therein so indefinitely and generally that he could, without violating the truth, reclaim such of the goods as then remained in the possession of the defendant. However that may be, it is evident that the words “thereabouts” and “more or less,” so far qualify the allegation as to quantities as to make the figures almost valueless, and render the recital in the undertaking, in that regard, nothing more, at best, than an admission that some indefinite portion of the plaintiff’s goods, described in the complaint, had been in the defendant’s possession, and had been taken from him by the sheriff. The court erred, therefore, in excluding the proof offered, as well as in the charge and refusal to charge as above noted.
The judgment must be reversed with costs, and a new trial granted.
Van Vorst, J.
I agree with the chief justice in opinion that the defendant was not estopped by the execution and delivery of the undertaking to the sheriff from showing the true amount and value of the goods taken by the sheriff and re-delivered to him. In fact I think it was incumbent upon the plaintiff, before resting his case, to have given affirmative evidence of the facts, and that neither the plaintiff’s affidavit nor the recital in the undertaking were sufficient for the purpose of showing the actual value, or properly identifying the goods as to quantity.
*91 The allegations in these papers, if admissible, were too indefinite and uncertain to justify a verdict for any precise sum as the value, or any correct estimate of the number of articles in the defendant’s possession. So much so, that it would be difficult to enforce by execution a judgment establishing the right of property and premium to specific personal chattel. This action is to some extent of the nature of a proceeding in rem.
The execution in cases of this character must particularly describe vthe property of which possession is to be delivered. “Two hundred dozen shirts and drawers, or thereabouts, forty dozen jackets, more or less,” is not such a particular description as the law requires (Code, § 289, sub. 4). In De Witt v. Morris (13 Wend. 497), the goods and chattels were described as about 400 tons of iron ore. The court held the writ defective in not being more specific as to quantity, and that the sheriff could have refused to execute the writ.
The learned judge, by his rulings and in his charge to the jury, held that the defendant was bound by the recitals in the undertaking, and was not at liberty to question the quantity of goods taken by the sheriff, or re-delivered to Mm.
Now, in order to properly construe the recitals in the undertaking, they must be read in connection with the plaintiff’s affidavit, to which it refers, and its statements in respect to the goods of which delivery was sought, are uncertain as to quantity and inconclusive as to value.
Its want of certainty defeats the recital in the undertaking from operating as an absolute estoppel; and it being clearly the plaintiff’s statement, and not the defendant’s, except by a qualified and enforced adoption, with its uncertainties, the defendant should not be concluded from showing the true quantity. Besides, the rules with regard to estoppel by deed do not apply. An undertaking given in this proceeding is not required *92 to be sealed, and is not a deed. Nor does it form any part of the record in the action : it is collateral. As an estoppel in paris it is inoperative. It is not reciprocal, for the plaintiff, notwithstanding his allegation of value .founded upon information and belief, could without doubt prove on the trial that the goods were of greater value, and, if necessary, have his complaint amended for the purpose. And as the plaintiff’s rights were secured by the seizure through the sheriff before the undertaking was given, he is not injured, but rather aided. The giving of the undertaking was not designed to influence the plaintiff to omit any effort, or relax his remedy; he had proceeded as far as he could in the direction of seizure, and the undertaking of the defend-, ant, with sureties, was substituted in the place of the property actually taken. The giving of the undertaking by the defendant should not have the effect to enlarge the advantage secured by the plaintiff by his seizure of the property. The doctrine of estoppel has been guarded with great strictness, because it may exclude the truth.
In addition, I think the objection taken by the defendant on the trial, that no demand had been made of the defendant before suit brought, is fatal to plaintiff’s action. No demand was averred in the complaint or proved on the trial.
The defendant was lawfully in possession of the goods under the assignment made to him by Browner & Co., the vendees of the plaintiff. It is true that the assignment was for the benefit of creditors, but if was such a disposition of property as the assignors could lawfully make. Although they had defrauded the plaintiff, yet until the sale was rescinded by the vendor, or steps taken for . the purpose, the vendees could lawfully dispose of the property for a valuable consideration to a bona fide purchaser, or make other legal disposition of same. There is no pretence that the defendant was at *93 all implicated in, or had any notice of, the assignors’ fraud. Being lawfully in possession of the property at the time of the assignment, the defendant was justified in an honest belief that the assignor had right to sell the same, or dispose of it by assignment for the payment of debts.
Being lawfully in possession of the property delivered in pursuance of the assignment, the defendant could not be placed. in a position in which it could be truly alleged of him that he “ wrongfully detained” the same from the plaintiff, until a demand had been made upon him, and he had refused. Such demand and refusal would constitute a possession, otherwise lawful, unlawful, and render defendant liable to an action for wrongful detention” (Jessop v. Miller, 1 Keyes, 321).
In Sluyter v. Williams, in this court (1 Sweeny, 215), it was held that, where goods were claimed to be “ wrongfully detained,” but which had lawfully come into defendant’s possession, a prior demand and refusal must be proved to sustain the action.
Peirce v. Van Dyke (6 Hill, 613), approving Barrett v. Warren (supra), whilst holding that replevin in the detinet, as well as cepit, will be for a wrongful taking without previous demand, also substantially decides that, if the defendant, an attorney-at-lawj had proven on the trial that he had received the note, the subject of the action, for a lawful purpose, that is, for collection, although the one from whom he received it had tortiously taken it, plaintiff could not have recovered without showing a previous demand.
Here the lawful possession of the defendant under the assignment appears.
In Stevens v. Hyde (32 Barb. 181), it was stated “by the court,” E. Darwin Smith, J., as “a proposition universally true, that no man can be subjected to an action in respect to personal property in his possession, received by delivery, without personal wrong on his *94 part, until he has refused to deliver it, upon a lawful demand, to the true owner.”
The learned judge uses the qualifying words, “received Iby delivery; ” by this he without doubt means that the person has not tortiously, or otherwise against the will of the former possessor, obtained the property, but that he lawfully holds the same by the consent and act of such former possessor (White v. Brown, 5 Lansing, 78 ; Barrett v. Warren, 3 Hill, 348-350).
In Scofield v. Whitelegge (49 N. Y. 259), it was held that, where the plaintiff’s case depends upon a wrongful detention without a wrongful taking, an averment in the complaint of a demand and refusal is necessary.
If necessary to be averred in the complaint, it should be proved on the trial.
The judgment should be reversed and a new trial ordered, costs to the appellant to abide the event.
Monell, J., concurred in the conclusions.