CHARLES HARRISON, Survivor, etc., Respondent, v. ANDREW J. WILKIN, Impleaded, etc., Appellant.

It is not essential to the validity of an undertaking given by the plaintiff in an action to recover possession of personal property in apparent conformity with the provisions of the Code in reference thereto (§ 209), that the undertaking be delivered to the sheriff as required by said provision, or that the statutory proceedings be taken and the undertaking used to accomplish the purpose for which the statute requires it to be given.

The parties to the action may waive the formalities of the statutory proceedings, and in such case the sureties to the undertaking are bound by the waiver and are estopped from questioning the recitals in the undertaking, and this although they had no knowledge of the

facts that the proceedings were not to be taken and the undertaking used in the manner prescribed by the statute.

Accordingly *held,* where in pursuance of an arrangement between two parties, one of whom had in its possession personal property claimed by the other, an action was brought by the former in the form of an action to recover possession of the property, and an undertaking was given, entitled in the action, reciting that plaintiff claimed delivery of the property, and undertaking to prosecute the action and to return the property, if return should be adjudged, etc., that the sureties to the undertaking were estopped, in an action thereon, from questioning the recital, although they had no knowledge that the defendants in the replevin suit were not in possession of the property, or that the statutory proceedings were not to be had, or the undertaking used to obtain delivery.

Argued March 26, 1877 ; decided April 27, 1877.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, reversing a judgment in favor of defendants, entered upon the report of a referee.

This action was brought against defendants as sureties upon an undertaking hereinafter set forth.

The referee found the following facts: On or about June 27, 1870, defendants executed the following instrument:

## " SUPREME COURT.

### THE ROCHESTER WATER WORKS COMPANY,

*ag'st*

### JAMES JONES, HENRY JONES and CHARLES HARRISON.

. Whereas, the plaintiff claims the delivery of ninety thousand pounds of cast iron water pipe: Now, therefore, we William R. Utley, of Brooklyn, in the county of Kings, broker, and Andrew J. Wilkin, of Rochester, in the county of Monroe, undertake in the sum of $4 000 that the plaintiff shall prosecute this action. return the said property to the

defendants if such return be adjudged, and pay to them such sum as may for any cause be recovered against the plaintiff in this action.

WM. R. UTLEY,

Dated June 13, 1870.          A. J. WILKIN."

At some time thereafter, and prior to October 5th, 1870, a summons for relief, entitled as above, with a copy complaint annexed, wherein it was alleged that on the 7th day of December, 1869, said plaintiff owned and was possessed of said cast iron water pipe; and that on that day the defendants took the same; and judgment was demanded for the possession of said property or for $2,500, together with a stipulation identifying said pipe and fixing its value, and agreeing that the defendants took possession of the same by virtue of a certain sale thereof under execution, and that the same was actually in their possession at the time of the commencement of said action, were delivered by the plaintiff's attorney subscribing said papers to the attorney who theretofore had represented the persons named therein as defendants. At some time thereafter, and prior to October 5th, 1870, said Charles and Henry Jones and Harrison authorized their said attorney to appear for them in such action, whereupon, and on said 5th day of October, he appeared therein and served an answer denying every allegation in the complaint, alleging that said pipe was the property of the defendants, and claiming a return thereof to them, or in case such return could not be had, a judgment for the value thereof with damages, and also delivered to said plaintiff's attorney a counterpart of the aforesaid stipulation, duly executed by him on behalf of said defendants. Said action was brought to trial, and said Joneses, copartners with said Harrison, having died, and John C. Birdseye, receiver of said company, having been substituted in its place as plaintiff, judgment was duly rendered therein on the third day of May, 1873, to the effect that said property be returned by said plaintiff to said Harrison, and that in case

such return could not be had, said Harrison should recover of said receiver $2,448.60 for the value of said property and damages, and $301.83 costs, upon which judgment execution was duly issued and returned wholly unsatisfied, both as to the return of said property and the money payments aforesaid. Prior to the 13th day of June, 1870, said pipe had been laid underground in the streets of the city of Rochester, as part of a system of pipes for supplying said city with water, and remained thereafter so buried. No affidavit, such as is provided for by section 207 of the Code of Procedure, was ever made in said action; no indorsement or requisition was made therein as provided by section 208 of the Code; the instrument above set forth never was in the sheriff's possession, and the property therein mentioned was not, at any time, taken by the sheriff from the possession of the defendants named therein, or of any other person, nor was it at any time in their possession after a day at some time prior to June 13th, 1870. The defendants herein had no knowledge or information that the proceedings provided for in part 2, title 7, chapter 2, of the Code of Procedure, entitled "claim and delivery of personal property" were not taken or had in pursuance of said chapter, or that said paper was not to be used or was not used to obtain the delivery of the personal property therein mentioned by virtue of the provisions of said chapter; nor did they in any way waive the necessity of such proceedings.

*Henry R. Selden*, for the appellant. The undertaking had no validity, because the sureties were deceived as to the object for which it was obtained. (*Rees* v. *Berrington*, 2 W. & T. L. Cas. in Eq., 712, note; *Lee* v. *Jones*, 14 C. B. N. S., 391–2 [108 E. C. L.]; 2 Kent's Com., 482–3 and notes; 1 Story's Eq. Jur., §§ 215, 383; Story on Con., § 868.) It was void for want of delivery to or approval by the sheriff, and being without consideration. (*Thompson* v. *Blanchard*, 3 Comst., 338; *Seacord* v. *Morgan*, 17 How. Pr., 394; *Walrath* v. *Thompson*, 6 Hill, 540; *Birkhead* v. *Brown*, 5 id.,

634–641; *Dobbin* v. *Bradley*, 17 Wend., 422; Story on Con., § 870; *Nickerson* v. *Chatterton*, 7 Cal., 568; *Bowmaker* v. *Moore*, 3 Price, 214; *Archer* v. *Hale*, 4 Bing., 464.) There was no ground for setting up an estoppel. (*Andrews* v. *Shattuck*, 32 Barb., 396; *Cadwell* v. *Colgate*, 7 Barb., 257.)

*W. F. Cogswell*, for the respondent. Defendants were estopped from alleging or proving that they did not claim, in the action of the water works company against plaintiff, the pipe therein referred to, and that it was not taken from defendants' possession by virtue of the proceedings in that action. (*Coleman* v. *Bean*, 3 Keyes, 94.) Defendants are bound by the judgment in that action. (*Thomas* v. *Hubbell*, 15 N. Y., 405; *Rapalee* v. *Prince*, 4 Hill, 119.)

MILLER, J. The undertaking upon which this action was brought was apparently executed to enable the plaintiff in the action in which it was entitled to obtain possession of the property therein described, under the provision of § 209 of the Code of Procedure. The defendants here had no knowledge that the property was not in the possession of the defendants in the action brought, and that no delivery of the same could be had by the sheriff; nor that proceedings were not to be had or taken in pursuance of law, applicable to such cases; nor that said undertaking was not to be used, and was not used to obtain the delivery of such property. It does not appear, however, that the risks of the defendants were in any way increased by the fact that the property was not at the time in the possession of the defendant in the action brought to recover possession of the property, and that the plaintiff therein had possession of the same. The effect of the proceeding was to deliver it to the plaintiff in said action, and as the plaintiff had possession the result was the same as if it had been so delivered. It was then the same as if taken from the defendant in said action, and such being the case the hazard incurred upon the undertaking by the defendants in this action was no greater than if it had

been thus delivered. While the sureties evidently labored under a misapprehension as to the facts, and had a right to know all the facts relating to the contract, it is not entirely clear that the risks of the sureties were increased by a failure to carry out the purpose for which the undertaking was executed, in accordance with the provisions of law, so as to discharge them from the liability they incurred. There are, however, other objections to the validity of the undertaking, which are not free from difficulty.

As an original question, I should be inclined strongly to the opinion that by the established rules of law fixing the rights and obligations of sureties, they were entitled to full knowledge of all the facts which related to the delivery of the property, and its actual situation, and that the failure to impart information on the subject, or a misrepresentation of material facts, or a suppression of the truth as to the same, would operate to relieve them from liability. So also if the question were a new one it might well be doubted whether the undertaking in question was not invalid because it was never delivered to or approved by the sheriff, as required by § 209 of the Code of Procedure, and inasmuch as the statutory proceedings were not taken, and the undertaking was not used to accomplish the purpose for which the statute required it to be given, that a sufficient consideration was shown to establish its validity. There are some authorities which tend strongly to uphold the views of the appellant's counsel in the direction indicated. (See *Bonmaker* v. *Moore,* 3 Price [Am. Condensed Ed.], 37; *Nickerson* v. *Chatterton,* 7 Cal., 568.) But whatever reasons may be given for sustaining any of the objections referred to, we think that they have been substantially overruled by the decisions of this court in regard to the very questions considered. And it appears to be settled, that the parties to an undertaking of this character may waive the formalities of the statutory proceeding and thus become estopped from asserting or proving its invalidity by the recitals in the same. The undertaking in question upon its face appears to have been given in an action brought

by the water works company against the plaintiff in this action. It sets forth that the plaintiff claims the delivery of personal property, and the defendants undertake that the plaintiff shall prosecute the action and return the property to the defendant in the action, if such return be adjudged.

In *Coleman* v. *Bean* (1 Abb. [Ct. of Appeals Decisions], 394), in an action against the sureties upon an undertaking purporting to have been given to procure the discharge of an attachment, it was held that it was not essential to its validity that an attachment shall be actually issued, or that the undertaking be delivered to the court or an officer, and that the recital was conclusive evidence of the waiver of the issue of an attachment. It was also decided in the same case that it was not competent to show that no attachment was issued, or that the sureties were induced to execute the undertaking by representations which were false. It is laid down in the opinion that the non-compliance with the provisions of the statute was but an irregularity which the defendant may waive, and it is said that "It is enough that the undertaking is binding between the principal parties under the circumstances to hold the sureties." It is claimed that a distinction exists between the case cited and the one at bar, but it is difficult to see any such difference as would authorize the conclusion that the case cited is not in point. The doctrine of waiver is equally applicable to both cases, and the defendants are equally estopped by the recitals here as they were in the case cited. Most surely it would be obligatory upon the principal parties in the action, and if such be the case, then as is laid down the sureties are liable, and bound by the acts of the principal. The opinion of the judge at Special Term presents some considerations in support of the distinction which is claimed to exist, but we think that no sufficient reason is made to appear for holding that the case last cited is not analogous. As it is directly in point, we are not at liberty to disregard its authority, and the question must be considered as *res adjudicata.* See also, *Decker* v. *Judson* (16 N. Y., 439), where it was held that

the execution of a bond by another surety beneath the name of other obligors without the knowledge or consent of the previous sureties, as a condition of the postponement of a trial, estopped the last surety from denying the recitals in the same, which imported that it was executed upon the institution of a replevin suit, and taken at a time when it was lawful and proper to take the same.

Within the principle referred to, the doctrine of estoppel was clearly applicable to the defence interposed, and the order of the General Term should be affirmed.

FOLGER, RAPALLO and EARL, JJ., concur; CHURCH, Ch. J., and ALLEN, J., dissent; ANDREWS, J., absent.

Order affirmed.

Judgment accordingly.