# MARINE COURT OF THE CITY OF NEW YORK.

## Milo W. Pember agt. Otto Schaller.

*Order of arrest — Amendment of undertaking — Sufficiency of allegations on information and belief — Code of Civil Procedure, sections 729, 730.*

The undertaking required by the Code of Civil Procedure is amendable. And where the undertaking, on which the order of arrest was granted, is in the form required by the old Code of procedure, the defect is cured by the execution and service of a new undertaking which conforms to the requirement of the Code of Civil Procedure, and a motion to vacate the order of arrest will be denied on proof of the execution and service of new undertaking by the same sureties before the motion is heard.

*Held,* also, that a complaint on information and belief, verified by the agent of plaintiff, is sufficient on a motion to vacate, where the agent sets forth in the verification, and also in a separate affidavit, the sources of his information and the grounds of his belief.

*Special Term, April,* 1880.

MOTION by defendant to vacate order of arrest on the grounds :

(1.) Insufficiency of the undertaking, it being under Code of Procedure as to form and not as required by Code Civil Procedure.

(2.) Insufficiency of complaint and affidavit, because verified on information and belief only.

The action was for deceit, in obtaining goods on credit, defendant falsely representing, as alleged, that he was solvent when he was insolvent. The complaint was verified by the agent of plaintiff on information and belief. The agent also made an affidavit independently of the verification ; both were on information and belief solely.

*James R. Cuming* and *Lewis J. Morrison,* for the motion :

I. The affidavits are defective in that they are on information and belief solely.

II. The undertaking is fatally defective, because a substantial requirement is omitted, to wit, to pay costs and damages in case plaintiff was not entitled to the order. The defect goes to the jurisdiction of the court and is not amendable.

*Chauncey B. Ripley* and *M. C. Gross*, opposed :

I. The affidavits are sufficient because they, with the complaint, allege all the essentials requisite in support of the charge, as follows : The intent to deceive ; the false and fraudulent representations of defendant made to plaintiff ; the reliance and belief of plaintiff inducing the delivery of the property ; the falsity of the representations ; the allegation that plaintiff would not otherwise have parted with his property ; the non-payment of the debt and the damages (9 *Abb.*, 106). Where affidavits are on information and belief, and an excuse is shown for making them, and they are not denied, it is sufficient (*Union Bank* agt. *Mott*, 9 *Abb.*, 106, 109) ; and defendant will be presumed to concede their truth (*Id. ; Brooklyn Daly Union* agt. *Hayward*, 11 *Abb.* [*N. S.*], 235, 243, 244).

II. The undertaking is defective in not comforming *verbatim* to the requirements of the amendment of 1879, by reason of a mistake in the use of an old blank form instead of a new one.

The defect is amendable (*Code of Civil Procedure, sec.* 729, 730) ; on a motion to discharge from arrest and in any respect (*per* DAVIES, J., *Bellinger* agt. *Gardner*, 2 *Abb.*, 441, 444), and where the motion to vacate is on that ground (*Kissam* agt. *Marshall*, 10 *Abb.*, 424).

The undertaking has been amended and service made which cures the defect, and is submitted herewith for approval.

III. The amendment should be with costs in the action if costs are allowed, because the error was one of the attorney.

GOEPP, J. — The defect in the undertaking is amendable. The sources of information respecting the untruth of the

representations made are quite unsatisfactorily stated under that head in the verification. But the same person who makes that verification in his independent affidavit states that the source of his information on this head was Mr. Pool; though he ought to have gone on to explain the absence of Mr. Pool's own affidavit; yet, as there is no denial of the allegations, I think that, under *Union Bank* agt. *Mott* (9 *Abb.*, 106) and *Brooklyn Daily Union* agt. *Raymond* (11 *Ab.* [*N. S.*], 235), the motion must be denied, without costs.