SAMUEL J. NOWELL AND WILLIAM A. PRESBY, RESPOND-
ENTS, *v.* FRANK T. GILBERT, AS SHERIFF OF ERIE COUNTY,
APPELLANT.

*Action to recover the possession of personal property — effect of recitals in an undertaking given by the defendant to procure its return — the defendant is not estopped thereby from disputing the quantity of property actually replevied.*

The plaintiffs, who claimed to have been induced by fraud to sell to one Moses Ruslander forty-eight pieces of woolen goods, brought this action of replevin to recover the possession thereof against the defendant, a sheriff, who had levied upon Ruslander's stock of goods, by virtue of executions issued upon judgments entered against Ruslander by confession, amounting to about $28,000. The property, having been taken possession of by the coroner on plaintiff's behalf, was thereafter, pursuant to proceedings duly taken for that purpose in behalf of the defendant, the sheriff, returned to him.

The undertaking, given upon the return of the property to the defendant, which was signed by two sureties, but not by the defendant, recited that "whereas the plaintiffs in this action have claimed the delivery to them of certain chattels specified in the affidavit, made on behalf of the plaintiffs for that purpose, of the alleged value of two thousand two hundred and sixty-eight

dollars and twenty-seven cents, and have caused the same to be replevied by the coroner of the county of Erie, pursuant to chapter 14 of the Code of Civil Procedure, but the same has not yet been delivered to the plaintiffs; and whereas the defendant is desirous of having the said chattels returned to him," and then proceeded to its conclusion as required by section 1704 of the Code.

Upon the trial of the action evidence was offered by the defendant to prove that at the time the executions were issued Ruslander had, in due course of his business, sold and disposed of more than three-fourths of the property mentioned in the complaint and affidavit, and did not then have in his possession or under his control more than one-fourth of it; and that the defendant did not, at any time, have in his possession more than one-fourth of such property, and that the value of such of the property so described, as in any manner came to his possession, did not exceed $500. The referee excluded this evidence, holding that the defendant was, by the undertaking given upon the return of the property to him, estopped from asserting that he had not possession of all the property mentioned in such affidavit, to recover which the action was brought.

*Held,* that the referee erred in so doing.

That as the undertaking, though not signed by the defendant, was prepared by his attorney, made in his behalf and used to produce the restoration to his possession of the property taken by the coroner, he was estopped by it from denying his previous possession of the property replevied.

That, although the recital in the undertaking might be broad enough to import that all the property in question was taken by him, and might properly have been treated as evidence, yet, in view of the fact that such recital was not essential to the purpose for which the undertaking was made, and added nothing to its force in producing a return of the property, it was not effectual as an estoppel, and that the question as to whether all the goods described in the affidavit, or a portion of them only, were replevied, was open to inquiry in the action, and that the defendant should have been permitted to give the evidence.

*Diossy* v. *Morgan* (74 N. Y. 11) distinguished.

That a claim made by the plaintiffs that the coroner's return was conclusive evidence of the facts stated in it, and, although not put in evidence, it was, as constituting part of the record, before the court on this review, could not be sustained.

That whatever might be its effect as to the fact that the officer took the property mentioned in it into his possession, and its effect after judgment, that, upon the trial of the action in which it was made, such return was not conclusive evidence that the property so taken by him was the same, or all of it, which was intended to be embraced within the description contained in the affidavit upon which the requisition was based.

APPEAL by the defendant from a judgment entered in Erie county, March 15, 1888, upon the report of a referee.

The action was brought to recover the possession of certain personal property alleged to belong to the plaintiffs and to have been wrongfully detained from them by the defendant.

*Baker & Schwartz* and *B. F. Dake*, for the appellant.

*Eugene M. Sanger*, for the respondents.

Bradley, J.:

The plaintiffs were wholesale dealers in woolen goods in the city of New York, and sold to one Moses Ruslander forty-eight pieces of such goods, which is the property in question. The action is founded upon the charge that the plaintiffs were induced by fraud, on his part, to sell and deliver such goods to him. And the evidence was sufficient to warrant that conclusion. That question of fact will, therefore, be deemed disposed of by the findings of the referee.

The defendant, on November 18, 1886, by virtue of six executions issued upon judgments entered the day before, upon confessions of Ruslander, amounting to about $28,000, levied upon a stock of goods in a store occupied by the latter in the city of Buffalo. And afterwards, on the same day, and after the levy, Ruslander made a general assignment for the benefit of his creditors. The plaintiffs claiming that the goods so sold by them were in the stock upon which the defendant had levied the executions, and having demanded of him the possession of them, commenced this action for their recovery on the twenty-third day of that month. The property taken upon the affidavit and requisition from the stock of goods was, pursuant to proceedings duly taken for that purpose in behalf of the defendant, returned to the latter.

The main question, and the most important one requiring consideration, is whether the defendant was, by the undertaking upon which the return of the property was procured, estopped from asserting that he had not had possession of all the property mentioned in such affidavit, and to recover which the action was brought. In the affidavit and in the complaint the property is described as forty-eight pieces of woolen goods, manufactured into clothing and unmanufactured. And plaintiffs gave evidence tending to prove, and the referee found, that the property so described was of the value of $2,268.87. The question arose upon exceptions taken to the exclusion of evidence offered by the defendant to prove that at the time the executions were issued to the defendant, Ruslander had, in due course of his business, sold and disposed of more than three-fourths of the property mentioned in the complaint, and did

not then have in his possession or under his control more than one-fourth of it; that the defendant did not at any time have in his possession more than one-fourth of such property, and that the value of such of the property so described, as in any manner came to his possession, did not exceed $500. The evidence was excluded upon the objection that it was in conflict with the admissions in the under-taking made on the part of the defendant for the return of the replevied property to him. And the referee held that the defendant was at liberty to give evidence of the value of all the property described in the affidavit, but that any evidence tending to show that the defendant had not the possession of all the property so described, at the time the requisition was executed by the coroner, was not admissible. To which ruling exception was taken. The undertaking was executed by two sureties, and not by the defendant. And in it was the recital that "whereas, the plaintiffs in this action have claimed the delivery to them of certain chattels specified in the affidavit, made on behalf of the plaintiffs for that purpose, of the alleged value of two thousand two hundred and sixty-eight dol-lars and twenty-seven cents, and have caused the same to be replevied by the coroner of the county of Erie, pursuant to chapter 14 of the Code of Civil Procedure, but the same has not yet been delivered to the plaintiffs; and, whereas, the defendant is desirous of having the said chattels returned to him." It then proceeds to conclusion as required by statute. (Code of Civ. Pro., § 1704.)

The fact that the defendant did not sign the undertaking did not, for aught that appears in the evidence, deny its conclusive effect upon him as well as upon the sureties who did execute it. It was prepared by his attorney, made in his behalf and used to produce the restoration to his possession of the property taken by the coroner. And he was estopped by the undertaking from denying his previous possession of the property replevied. (*Diossy* v. *Morgan*, 74 N. Y., 11; *Harrison* v. *Wilkin*, 69 id., 412; *Decker* v. *Judson*, 16 id., 439.) But to support the ruling of the referee the fact must be deemed conclusively established by estoppel, that the property replevied embraced all that was mentioned in the affi-davit. The recital, although not requisite to the statutory under-taking, was evidently made to explain its occasion and purpose. The estoppel arose from the defeated delivery to the plaintiffs,

founded upon the right, and its exercise, to require the return to the defendant of the property taken by the coroner, for which purpose the undertaking prescribed by the statute was required. This proceeding rests upon the assumption that he previously had the possession of the property of which he had been divested by the execution of the requisition. And the right to thus obtain the return did not depend upon the replevy of all the property described in the affidavit or complaint, but for the return of such portion of it, if not all, as had been taken from him upon the plaintiffs' requisition. With this in view, the statute provides that for the purpose of obtaining such return, the defendant must serve upon the officer a notice that he requires a return of the chattels *replevied*. (Code Civil Pro., § 1704.) It is also contemplated by the statute that the officer may replevy less than the whole of the property described in the affidavit, and he is required to do so when a part only can be found, but for the purposes of the proceeding for the return of it in such case, the value of the whole, as stated in the affidavit, when there stated in the aggregate only, will be deemed the value of the portion replevied. (Id., § 1698.) In the present case the undertaking for the return of the property necessarily represented twice the value of the entire property as stated in the affidavit, without reference to the quantity of it taken by the coroner. The recital in the undertaking may be broad enough to import that all the property in question was taken by him, and may properly have been treated as evidence, but, in view of the fact that such recital was not essential to the purpose for which the undertaking was made, and added nothing to its force to produce a return of the property, it is difficult to see that it is conclusive as such or how it can be effectual as an estoppel. (*Talcott* v. *Belding*, 4 J. & S., 84.) It is a mere admission, not of record, but *in pais*, and to give to it the effect of estoppel, the plaintiffs must, by it, have been induced to so act or to refrain from taking action that the denial of the truth of the recital would, in the legal sense, prejudice them. (*Malloney* v. *Horan*, 49 N. Y., 111; *Blair* v. *Wait*, 69 id., 113; *Winegar* v. *Fowler*, 82 id., 315.) Such was the case of *Dezell* v. *Odell* (3 Hill, 215), where a party having assumed the relation of receiptor of chattels levied upon, and promised to deliver them to the officer, was held estopped from

withholding them upon the assertion of title in himself, because, in reliance upon his recognition of the effectual force of the levy and his promise to deliver the property to the officer, the latter was induced to leave it in his possession. Here the purpose of the defendant was to obtain the return of the property replevied, and that was the only effect produced by the proceeding, aided by the undertaking, to which the recital relied upon by the plaintiffs in no essential manner contributed.

The proceeding was wholly statutory, and was a right in the defendant not dependent upon or subject to any control or acquiescence of the plaintiffs. It was by its exercise in the manner provided by the statute, and its result, that the plaintiffs were denied the possession of the property replevied and its return to the defendant accomplished. It would, therefore, apparently seem that the plaintiffs were in no different situation, in any respect, than they must have been if no such recital had been put into the undertaking. But it is said that, by this admission furnished by the recital, the plaintiffs may have been induced not to take any steps to replevy the residue of the goods, assuming that the coroner had not taken all of them, for which the statute makes provision (Code Civil Pro., § 1713), or that, in reliance upon it, the plaintiffs may have omitted to serve upon the defendant notice that, for the purposes of the action, they abandoned so much of the claim as related to the goods not replevied (Id., § 1719) ; and that, but for the situation so represented, they may have sought to charge the defendant with liability in the action for the goods not replevied. (Id., § 1718.) It may be observed that the information of the manner of the execution of the requisition is, or should be, furnished by the return which the officer is required to make ; and if he has omitted to replevy any portion of the property described in the affidavit, his return must state the cause of such omission. (Id., § 1715.) It is upon the return that the plaintiff is supposed to rely for information of the property taken by the officer, in an action to recover possession of personal property, for the purposes before mentioned. And for the purpose of relieving the recital in the undertaking from the character and effect of estoppel, it is not necessary to hold that the officer's return is conclusive upon the parties of the facts legitimately stated in it. The purpose of the undertaking is simply to

obtain the return of the property replevied, and to give to it, by reason of an unnecessary recital in it, such effect as to close the door to inquiry into the goods, which were, in fact, replevied, would be extending its conclusive effect beyond its statutory and apparent purpose. And in such case, a burden or liability beyond that apparently or, in fact, existing or assumed, might be imposed. This, we think, is not supported by any principle of law applicable to the situation presented in this case, but, on the contrary, the question whether all of the goods described in the affidavit, or a portion of them only, were replevied is open to inquiry in the action, upon which the defendant should have been permitted to give evidence. (*Webber* v. *Manne*, 42 Hun, 557.)

In *Coleman* v. *Bean* (1 Abb. Ct. App. Dec., 394; S. C., 3 Keyes, 94; affirming 14 Abb., 38) the question was one of validity of an undertaking made to procure the discharge of an attachment, and it was held, for the purpose of that question, that the recital in the undertaking, that an attachment had been issued in the action, was conclusive evidence of the fact, and that the defendants, who were sureties, were estopped from proving that none had been issued. There a judgment had been obtained in the original action, and they were held liable upon their undertaking to pay it. In *Harrison* v. *Wilkin* (69 N. Y., 412) the question in principle was the same. There the usual undertaking was given on the part of the plaintiff in an action to recover the possession of a quantity of iron water pipe; and the undertaking recited that the plaintiff claimed the delivery of 90,000 pounds of cast-iron water pipe, and then proceeded to express the undertaking, as required by statute. The property was not, in fact, taken by the officer; but, by stipulation of the parties to the replevin action, the plaintiff took the possession of the property and appropriated it. The action proceeded and the defendants recovered; and in the action against the sureties upon the undertaking, it was held that the defendants were, by the recitals in the undertaking, estopped from asserting its invalidity. And in *Decker* v. *Judson* the principle applied was not substantially different.

In those cases the proposed defense went to the validity of the undertaking to support liability for the amounts of the recoveries in the actions in which they were given. While here there is no

question about the validity of the undertaking, or the liability upon it, for the execution and payment of any judgment which may be recovered in the action, it is whether the recitals referred to conclude the defendant, upon the trial of the action in which it was made, from showing that the execution of the requisition embraced only a portion of the property mentioned in the affidavit upon which it was indorsed.

In *Diossy* v. *Morgan* (74 N. Y., 11), upon which it is said the referee relied as authority for his ruling, no such question arose. In that case there was no question as to what was the property replevied. The defendants took proceedings for its return, and gave the requisite undertaking reciting the taking of it by the sheriff at the suit of the plaintiff, and that the defendants were desirous of having it returned to them. The court held that the defendants were estopped by their undertaking from denying that they had the possession of the property at the time of the commencement of the action. And, so far as it was essential for the purposes of that case, Judge RAPALLO, who delivered the opinion of the court, said: "It was only on the assumption that the property was taken from their possession that they were entitled to demand its return; and after having obtained the delivery of the property to themselves, on the ground that it was taken from them, it is too late to attempt to escape responsibility in this action by alleging that it was not taken from them or was not in their possession when the action was commenced." The proposition presented and announced in that case was that the proceeding, taken and consummated for the return of the property replevied, estopped the defendants from denying their possession of such property at the time the action was commenced. It did not necessarily go any farther than that. And, therefore, the application of its doctrine to the present case, does not preclude the defendant from giving evidence to the effect that the property replevied did not embrace all that was described in the affidavit. The views already given lead to such conclusion. And the defendant is not denied that right by the pleadings.

For the purposes of the trial, that fact is put in issue, and the allegations in the amended complaint of occurrences, subsequent to the commencement of the action, are not essential to the cause of action, but are matters of evidence in support of it. It was, there-

fore, unnecessary for the defendant to put them in issue by his answer, to permit him to controvert such facts by evidence at the trial.

It is, however, urged, on the part of the plaintiffs, that the coroner's return is conclusive of the facts stated in it, and although it was not put in evidence, it is before the court, on this review, as such evidence. And *Russell* v. *Gray* (11 Barb., 541), is cited in support of such proposition. The return is in the record here by force of the statute, which requires its insertion in and makes it part of the judgment-roll. (Code of Civ. Pro., § 1717.) And it comes within the official certificates, which are declared to be presumptive evidence of such facts. (Id., § 922.)

Whatever may be its effect as to the fact that the officer took the property mentioned in it into his possession, and its effect after judgment, it is evident that, upon the trial of the action in which it is made, such return is not conclusive evidence that the property so taken by him was the same or all of it which was intended to be embraced within the description of the affidavit upon which the requisition is based, else, in cases which can be supposed, the consequence might be substantially a denial of the defense dependent upon the fact that the plaintiff was not entitled to recover the chattels so taken by the officer. For the purposes of the question raised upon the ruling under consideration made at the trial, it does not, therefore, seem important whether or not such return may be treated as evidence upon this review. And it seems unnecessary for the purposes of another trial to now further consider the question.

The motion for nonsuit was properly denied. And the affidavit describing the property which the officer was directed to replevy was competent to show of what the property in question consisted, in aid of other evidence on the trial. And being admissible for such purpose, its reception was not error, although it was offered without express qualification in that respect. No other question seems to require the expression of consideration.

The judgment should be reversed and a new trial granted, costs to abide the event.

BARKER P. J., HAIGHT and DWIGHT, JJ., concurred.

Judgment reversed and new trial ordered before another referee, costs to abide event.