EDWARD S. RILEY, Appellant, *v.* THOMAS H. SKIDMORE *et al.*, Respondents.

*Supreme Court, Second Department, General Term, June 28, 1889.*

1. *Attachment. Sufficiency of affidavit.*—The affidavit in this case was held to contain a sufficient statement of facts to give a justice of the peace jurisdiction to issue an attachment.
2. *Same. Abuse of process.*—There is no abuse of process, where the property attached is insufficient to satisfy the execution.
3. *Same. Undertaking. Amendment.*—A justice of the peace has power to permit an amended undertaking to be filed *nunc pro tunc* in attachment proceedings.

Appeal from a judgment entered upon an order granting a nonsuit and dismissing the complaint.

The action was brought to recover damages alleged to have been occasioned by a wrongful attachment.

The following is a copy of the affidavit upon which the attachment was issued:

ORANGE COUNTY, }
CITY OF NEWBURGH, } *ss:*

Thomas H. Skidmore, being duly sworn, says he is one of the plaintiffs herein, that the plaintiffs have applied to the said justice for a summons herein, and hereby apply to said justic, to grant at the time the summons is issued, a warrant of attachment against the property of the defendant.

That this action is brought to recover for the following cause:

That between the 1st of January, 1887, and the 11th of April, 1887, the plaintiffs sold and delivered to the defendant, at his order and request, certain goods, wares and merchandise, consisting mainly of flour, at and for prices agreed upon, amounting in all to the sum of $106.27,

part of which has ever been paid, except the sum of $3.75; and that there is now due and owing from defendant to plaintiff for the same, the sum of $102.52, with interest from the 11th of April, 1887.

That a sufficient cause of action exists, in favor of the plaintiffs against the defendant, to recover damages for the cause of action above specified, as above stated.

That the plaintiffs are entitled to recover herein, therefor and thereon, the sum of $102.52, over and above all counterclaims known to deponent. That the defendant has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete property, with intent to defraud his creditors, and especially these plaintiffs.

That the defendant claims to have made a bill of sale, of all his personal effects, to one John J. Riley; but the same is not on file in the town clerk's office, where said defendant resides and does business. And that the defendant is in possession of his store, and has been ever since the alleged time of making the alleged bill of sale.

THOMAS H. SKIDMORE.

Sworn to before me, this 18th ⎫
     day of June, 1887.     ⎭

GRANT A. TAYLOR,<br>*Notary Public, Orange Co.*

*John Miller*, for appellant.

*G. B. Taylor*, for respondents.

PRATT, J.—The affidavit made before the justice stated facts sufficient to call for an exercise of his judicial discretion. That gave him jurisdiction to issue the attachment.

There is no evidence of any abuse of the process; the property attached was not enough to satisfy the execution.

The permission accorded to the plaintiffs by the justice of

the peace to file an amended undertaking *nunc pro tunc*, was within his power, and was in furtherance of justice.

Judgment affirmed, with costs. ·

DYKMAN, J., concurs; BARNARD, P. J., not sitting.