## DALE *et al. v.* GILBERT, Sheriff.

### (*Supreme Court, General Term, Fifth Department.* January 24, 1891.)

REPLEVIN—AMENDMENT OF BOND.

Code Civil Proc. N. Y. § 721, provides that the "judgment of a court of record shall not be impaired or affected by reason of either of the following imperfections, omissions, defects," etc. The defects mentioned do not in express words include those in an undertaking. Section 729 provides that an undertaking required by statute is sufficient if it conforms substantially to the form prescribed. Section 730 provides that, "where such a bond or undertaking is defective, the court * * * may, on the application of the persons who executed it, amend it accordingly." Defendant in replevin, who had executed an undertaking to plaintiff to procure a return of the property, afterwards sought to show that he had not received the property as recited in the undertaking, but the court held that he was bound by the admissions therein. *Held*, that defendant would not be permitted to amend the undertaking so as to omit the recital that he had received the property in question.

Appeal from special term, Erie county.

Action by Henry Dale and others against Frank T. Gilbert, as sheriff. Defendant's motion to set aside an undertaking given by the defendant to

retake certain goods replevied, and for leave to substitute another undertaking in its place, was denied, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Adelbert Moot,* for appellant. *Hadley Jones* and *Abraham Gruber,* for respondents.

CORLETT, J. In 1886, Moses Ruslander purchased goods from the plaintiffs. In November of that year he confessed judgment for those goods, amounting to $28,000, on which executions were issued to the defendant, who levied on the stock, and on the same day Ruslander made a general assignment for the benefit of his creditors. In November of the above year an action of replevin was commenced to recover those goods, or a portion of them, of the alleged value of $2,122.82. The affidavit and requisition of replevin were delivered to the coroner of Erie county, who executed the writ on the 22d day of November of that year. On the 26th day of the same month the defendant served an affidavit, notice, and undertaking for the return of the property which had been replevied. The following is a copy of the undertaking:

"Whereas, the plaintiffs in this action have claimed the delivery to them of certain chattels specified in the affidavit made on behalf of the plaintiffs for that purpose, of the alleged value of $2,122.82, and have caused the same to be replevied by the coroner of the county of Erie, pursuant to chapter 14 of the Code of Civil Procedure, but the same has not yet been delivered to the plaintiffs; and whereas, the defendant is desirous of having the same chattels returned to him: Now, therefore, we, the undersigned, Charles A. Sweet, of No. 1,176 Main street, in the city of Buffalo, Erie county, New York, and Charles G. Curtiss, of No. 63 West Huron street, in the said city of Buffalo, in consideration of the premises, and pursuant to the statute in such case made and provided, do hereby jointly and severally undertake and become bound to the plaintiffs in the sum of $5,000.00 for the delivery of the said chattels to the plaintiff, if delivery thereof is adjudged, or if the action abates in consequence of the defendant's death, and for the payment to the plaintiffs of any sum which the judgment awards against the defendant in this action.

"*Dated November* 26, 1886.                              CHARLES A. SWEET.
                                                    "CHARLES G. CURTISS."

Two similar actions were commenced about the same time,—one by William R. H. Martin and another, and the other by Samuel J. Newell and another. In each of those cases the defendant executed similar undertakings, which contained the same recitals as in this case. Issue was joined in those actions, and all of them were referred and tried together. Upon the trial the defendant offered to prove that he never had possession of more than one-fourth of the goods mentioned in the affidavit accompanying the requisitions. The referee rejected the evidence, holding that the defendant was estopped by the recitals in the undertaking from proving that he had not possession of all the property mentioned in the affidavit, and ordered judgment for the plaintiffs in each case for the amount claimed. The defendant appealed to this court, where the judgments were reversed, and a new trial ordered. 2 N. Y. Supp. 525; 3 N. Y. Supp. 958. The ground upon which the new trial was granted was that the referee erred in holding that the undertakings given upon the return of the property estopped him from asserting that he had not possession of all the property mentioned in the affidavit, and upon the further ground that the coroner's return was not conclusive evidence of the facts stated in it. The plaintiffs appealed to the court of appeals from the decision of the general term in the *Martin Case,* wherein this court was reversed, and the judgment entered upon the report of the referee affirmed. 119 N. Y. 298, 23 N. E. Rep. 813. A motion for a re-

argument was made in that court, and denied.   24 N. E. Rep. 460.   The decision of the court of last resort was to the effect that the recital in the undertaking estopped the defendant from denying that he had not possession of the property, or any part thereof, or from showing that it was different or other property; that he was concluded by the recitals in the undertaking; also that the conclusive character of the estoppel was not taken away by the fact that, after the return of the property to the defendant, he served an amended answer denying that he ever had possession of all the property mentioned in the complaint or affidavit accompanying the requisition.  It was further held, in substance, that it was not necessary to recite or describe the property taken in the bond.   Upon the rendering of the decision, the defendant made a motion to cancel and strike out the recital in the undertaking, and to substitute another in its place which would omit the recital. The special term denied the application, upon the ground that the decision of the court of appeals was conclusive.   The following is a memorandum of the decision of the special term: "The decision of the court of appeals in *Martin et al.* v. *Gilbert,* (not reported,) is conclusive upon every question presented on this motion, and requires a denial thereof.   If, as there held, the recitals in the undertaking are as admissions conclusive against the defendant, and not open to question on the trial of this action, for the reasons stated, it follows for the same reason that they are conclusive here, and may not be disputed or questioned for the purpose of in any manner relieving the defendant from the effect of the same."

The defendant's motion was based on sections 721, 729, and 730 of the Code of Civil Procedure.   721 provides: "In a court of record, where a verdict, report, or decision has been rendered, the judgment shall not be stayed, nor shall any judgment of a court of record be impaired or affected, by reason of either of the following imperfections, omissions, defects, matters, or things in the process, pleadings, or other proceedings."   The defects are then mentioned which do not in express words include those in a bond or undertaking. 729 is as follows: "A bond or undertaking required by statute to be given by a person to entitle him to a right or privilege, or to take a proceeding, is sufficient if it conforms substantially to the form therefor prescribed by the statute, and does not vary therefrom to the prejudice of the rights of the party to whom, or for whose benefit, it is given."   730 is: "Where such a bond or undertaking is defective, the court, officer, or body that would be authorized to receive the same, or to entertain a proceeding in consequence thereof, if it was perfect, may, on the application of the persons who executed it, amend it accordingly, and it shall thereupon be valid from the time of its execution."   It will be noticed that the above sections do not expressly authorize an amendment of a bond or undertaking unless it is defective.   It is not claimed that the undertaking in the present case is defective, but that the recitals sought to be expunged are surplusage, and that without them the undertaking would be perfect.   .Under the section last quoted, the courts have frequently amended defective undertakings.   *Irwin* v. *Judd,* 20 Hun, 562; *Riley* v. *Skidmore,* 6 N. Y. Supp. 107; *Pember* v. *Schaller,* 58 How. Pr. 511. In *O'Sullivan* v. *Connors,* 22 Hun, 137, an amendment was allowed striking out of an undertaking words alleged to have been inserted by mistake.   The judge delivering the opinion of the court of appeals states, among other things: "It was because of this undertaking that the defendant was entitled to retain possession of the property, and that undertaking used by the defendant recites the plain fact of the claim for the property by the plaintiff, and that it had been taken by the coroner pursuant to the Code of Civil Procedure.   We do not think that under the circumstances the defendant should be allowed to contradict the admissions of fact made in his own bond, by virtue of which he kept the property which had been taken by the coroner; and we think he is properly concluded by the recitals in such bond upon the

question of what property was, as matter of fact, in his possession, and taken by the coroner." He also states: "Has not this defendant caused a bond to be executed containing a plain admission of a fact, viz., that the coroner had taken the property described in the affidavit from his (defendant's) possession? and has not the defendant, by reason of the bond containing such admission, procured the coroner to redeliver to him such property thus taken from him? Certainly he has. If it had not been for the bond, the property would have been delivered to the plaintiff; in which event the defendant could have shown that the property taken was not described in the affidavit, or was not that of the plaintiff." It is evident that the reasoning of the judge in the court of appeals proceeds upon the theory that the recitals in the undertaking are as conclusive as if embodied in an agreement. *In re New York, L. & W. R. Co.*, 98 N. Y. 447. The answer alleged the matters which the defendant offered to prove. That fact was not treated by the court of appeals as in any way aiding the defendant. While this court, under the answer, notwithstanding the recitals, reached the conclusion that the evidence rejected by the referee was admissible, no suggestion was made that the force of the admission could be obviated by amendment. It is very clear that it was not the purpose of the defendant, by the undertaking, to deprive himself of any defense, total or partial, by the recitals in the bond, and that he proceeded under a mistaken view of the law. Under all the circumstances, including the decision of this court, the defendant is not guilty of laches.

If this court has power to grant the relief demanded, no reason is seen why leave should not be given to substitute a new undertaking on proper terms. The question of the power of the court to grant the relief asked was not distinctly presented to or passed upon by the court of appeals; but the reasons assigned for the conclusion reached indicate that the court regarded the admission as conclusive. It follows that the order appealed from must be affirmed. The order should show that the decision is based upon the want of power to grant the relief demanded. All concur.